# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANDREW PEDRO VALDEZ,

        Defendant-Appellant.

UNPUBLISHED
October 23, 2014

No.   313075
Kent Circuit Court
LC No.   11-010829-FH

Before:  FITZGERALD, P.J., and SAWYER and SHAPIRO, JJ.

SHAPIRO, J. (*dissenting*).

I agree with the majority that there was sufficient evidence from which the jury could convict defendant of second-degree child abuse, MCL 750.136b(3)(a), on the basis of reckless behavior resulting in serious harm.  However, I do not agree with the majority that there was sufficient evidence that defendant acted with the *intent* to *seriously* injure the child as is required for a first-degree child abuse conviction, MCL 750.136b(2).  Accordingly, I would vacate defendant's conviction for first-degree child abuse and enter a judgment of conviction of second-degree child abuse.

There were several individuals who were alone with the child during the relevant days and who, therefore, could have inflicted some or even all of the child's injuries.  No witnesses testified that they saw defendant mishandling or hurting the child.  During the course of a several-hour police interrogation, defendant was repeatedly asked if he did anything that could have caused any of the child's injuries.  He eventually stated that on the day before the child was taken to the hospital, he yanked on the child's arm and leg while trying to remove him from a car seat and ultimately grabbed him around the torso to get him out.  He stated that, at that time, he did not think he had injured the child, but agreed he had been rough during this incident and that, at the time, he was feeling frustrated with the child's mother. The officers indicated their satisfaction that the actions defendant described were the likely cause of the child's injuries. It was at that point that defendant said that he was the "one that did it."  Defendant never stated that he intended to harm the child, and certainly not that he intended to cause serious harm.

There was no evidence that defendant ever expressed a wish to harm the child or that he had ever been seen harming the child on some other occasion.  The prosecution introduced evidence that defendant had an argument with the child's mother on the same date and that he had ripped her glasses from her face during the argument.  The prosecution also introduced the

-1-

testimony of a hospital pediatrician who specializes in child abuse and examined the child. She testified that it was unlikely that merely trying to pull a child from a car seat when a strap was still on the child's arm or leg would cause this degree of injury, but agreed that it was possible. She did not testify that the injuries had to have been intentionally caused. Accordingly, the prosecution presented insufficient evidence to allow a reasonable jury to conclude beyond a reasonable doubt that defendant committed first-degree child abuse.

The defendant also raises an issue based on MRE 404(b). I believe that allowing evidence of defendant's altercation with the child's mother in the time frame at issue was not error because it went to defendant's state of mind. However, it is very troubling that the prosecution's closing argument suggested that there was evidence that defendant poisoned his girlfriend's cat and that he had disciplined his girlfriend's older child by twisting her fingers. A review of the record reveals that there was never any such testimony. Rather, a police officer accused defendant of these actions during the videotaped interrogation and defendant denied them. Those accusations should not have been played for the jury nor described in the prosecutor's closing argument. However, for purposes of a second-degree child abuse conviction, I would find this error harmless. See MCL 769.26.

I also disagree with the majority as to the scoring of offense variable (OV) 3, MCL 777.33. There was neither testimony nor medical records that described the child's injuries as life-threatening and the child was never placed in an intensive care unit. The sole "evidence" that the injuries were life-threatening was contained in a sentencing letter written by the child's mother in which she stated that a "hospital staffer" told her this. I do not agree that a hearsay report of a statement by an unidentified person at the hospital, who may not even have been a medical professional, is sufficient to amount to the preponderance of evidence necessary to support the scoring of OV 3. See *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

I would vacate defendant's first-degree child abuse conviction and remand for entry of a judgment of conviction for second-degree child abuse and sentencing on that conviction.

Accordingly, I respectfully dissent.


/s/ Douglas B. Shapiro