# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SHAWN ROBERT LOCKMONDY,

        Defendant-Appellant.

UNPUBLISHED
December 11, 2014

No. 317412
Cass Circuit Court
LC No. 12-010345-FC

Before: MARKEY, P.J., and SAWYER and OWENS, JJ.

PER CURIAM.

Defendant was convicted by a jury of assault with intent to do great bodily harm less than murder, MCL 750.84, and stalking, MCL 750.411h. The trial court sentenced him to 34 months to 20 years' imprisonment for the assault with intent to do great bodily harm less than murder conviction and 329 days for the stalking conviction. He appeals by right. We affirm.

Defendant argues that the trial court violated his rights under the Sixth and Fourteenth Amendments by engaging in judicial fact-finding and considering conduct for which defendant had been acquitted because the trial court scored 10 points for offense variable (OV) 9, MCL 777.39, because "2 to 9 victims were placed in danger of physical injury or death." We review questions of constitutional law de novo. *People v Harper*, 479 Mich 599, 610; 739 NW2d 523 (2007). The trial court's factual determinations at sentencing are "reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Clear error is found when we are left with a "definite and firm conviction that a mistake has been made." *People v Kurylczyk*, 443 Mich 289, 303; 505 NW2d 528 (1993).

According to *Apprendi v New Jersey*, 530 US 466, 490; 120 S Ct 2348; 147 L Ed 2d 435 (2000), and its progeny, *United States v Booker*, 543 US 220, 244; 125 S Ct 738; 160 L Ed 2d 621 (2005); *Blakely v Washington*, 542 US 296, 311-313; 124 S Ct 2531; 159 L Ed 2d 403 (2004), any fact that increases a defendant's maximum penalty at sentencing must be admitted by a defendant or proven to a jury beyond a reasonable doubt. The United States Supreme Court recently extended this rule to mandatory minimum sentences in *Alleyne v United States*, ___ US ___, 133 S Ct 2151, 2155; 186 L Ed 2d 314 (2013). In *Alleyne*, the Court found that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id.*

But, the Court indicated that its *Alleyne* decision did not mean that every fact influencing judicial discretion in sentencing must be proven to a jury beyond a reasonable doubt. *Id.* at 2163.

We declined to apply *Alleyne* to Michigan's indeterminate sentencing scheme in *People v Herron*, 303 Mich App 392, 403-404; 845 NW2d 533 (2013). We determined in *Herron* that a recommended guidelines range used to establish a minimum sentence in Michigan differs from a mandatory minimum sentence as discussed in *Alleyne*. *Id.* Thus, Michigan's scheme falls within the broad discretion traditionally afforded to trial courts "to establish a minimum sentence within a range authorized by law as determined by a jury verdict or a defendant's plea" as opposed to judicial fact-finding used to increase a mandatory minimum floor. *Id.* at 405.

In *People v Lockridge*, 304 Mich App 278, 284; 849 NW2d 388 (2014), we concluded that this Court is bound by *Herron*'s holding that *Alleyne* does not impact Michigan's sentencing scheme. Although our Supreme Court has granted leave in *Lockridge*, 496 Mich 852 (2014) and held leave to appeal in *Herron*, 846 NW2d 92 (2014), in abeyance pending its decision in *Lockridge*, *Herron* remains binding on this Court at this time. "A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals . . . that has not been reversed or modified by the Supreme Court." MCR 7.215(J)(1).

Defendant acknowledges that *Herron* is binding and raises this challenge for the purpose of preservation. Defendant contends that the trial court improperly engaged in judicial fact-finding and considered conduct not resulting in a conviction when it scored OV 9. Because we are bound by *Herron*, we disagree. Moreover, the fact that criminal charges do not result in a conviction does not necessarily mean that a defendant did not engage in certain conduct; rather, an acquittal demonstrates only that the prosecution failed to prove the charged offense beyond a reasonable doubt. *People v Ewing (After Remand)*, 435 Mich 443, 451-452 (BRICKLEY, J.), 473-474 (Boyle, J.); 458 NW2d 880 (1990). A trial court may consider facts underlying criminal charges that result in an acquittal when determining a defendant's sentence, provided those facts are supported by a preponderance of evidence. *Hardy*, 494 Mich at 438; *Ewing*, 435 Mich at 451-454 (Brickley, J.), 474, 479 (Boyle, J.); see also *People v Granderson*, 212 Mich App 673, 679-680; 538 NW2d 471 (1995). Thus, we find no merit in defendant's argument that the trial court erred in scoring OV 9.

We affirm.

/s/ Jane E. Markey
/s/ David H. Sawyer
/s/ Donald S. Owens

-2-