# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

ANTONIO TONY GLOSTER,

       Defendant-Appellant.

UNPUBLISHED
December 30, 2014

No. 316553
Wayne Circuit Court
LC No. 12-010845-FC

---

Before: MURRAY, P.J., and SAAD and HOEKSTRA, JJ.

PER CURIAM.

Defendant appeals his jury trial conviction of armed robbery under MCL 750.529 and his sentencing under offense variable (OV) 10. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

This case involves a robbery that occurred in Hamtramck in October 2012. The victim was brutally attacked by an assailant, who hit her in the back of the head and knocked her to the ground in an attempt to steal her jewelry. When onlookers intervened to protect the victim, the assailant fled, and an accomplice shot one of the intervening onlookers with a pistol. The assailant and the shooter escaped the scene by car.

The Hamtramck Police arrested defendant soon after the robbery and interrogated him about his involvement in the robbery and other unspecified crimes that occurred in the metro area. In the course of the interview, which was recorded on video, defendant admitted that he acted as the getaway driver in the October 2012 Hamtramck robbery.

The prosecution subsequently charged defendant as an aider and abettor to: (1) armed robbery under MCL 750.529; and (2) unarmed robbery under MCL 750.530. The jury heard extensive testimony from the victim, multiple eyewitnesses, and police officers. The prosecution also submitted a video and related transcript of defendant's police interview. Defendant objected to the video and transcript because it supposedly included reference to irrelevant crimes that would prejudice the jury against him. The trial court admitted the video and interview transcript, albeit in an edited form, and issued a cautionary instruction that accusations of criminal conduct by the interviewing police officers were not evidence.

-1-

After deliberation, the jury convicted defendant of armed robbery under MCL 750.529. The trial court sentenced defendant to 85 months to 20 years in prison, applying OV 10 in the process. On appeal, defendant argues that the trial court erred when it: (1) admitted the edited video and transcript of his police interview, because significant portions of the interview were not relevant and more prejudicial than probative; and (2) sentenced him under OV 10.

## II. STANDARD OF REVIEW

A trial court's decision on the admission of evidence is reviewed for an abuse of discretion. *People v Gursky,* 486 Mich 596, 606; 786 NW2d 579 (2010). "However, decisions regarding the admission of evidence frequently involve preliminary questions of law, such as whether a rule of evidence or statute precludes admitting of the evidence." *Id.* Questions of law are reviewed de novo. *Id.* An error in admitting evidence is harmless unless defendant is able to establish that it is more probable than not that the outcome of his trial would have been different, but for the admission of the erroneously admitted evidence. *People v Lukity,* 460 Mich 484, 495-496; 596 NW2d 607 (1999).

When we review a claim that the trial court's scoring of the sentencing guidelines was erroneous, "the [trial] court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy,* 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.*

## III. ANALYSIS

## A. ADMISSION OF THE POLICE INTERVIEW

Generally, all relevant evidence is admissible and irrelevant evidence is inadmissible. MRE 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. MRE 403. Nearly all evidence offered by the prosecution will prejudice a criminal defendant to some extent. See *People v Vasher*, 449 Mich 494, 501; 537 NW2d 168 (1995). Thus, evidence is only excluded when it is *unfairly* prejudicial to defendant—i.e., when its probative value is outweighed by the risk of unfair prejudice. MRE 403; *People v Mills,* 450 Mich 61, 75; 537 NW2d 909 (1995), mod on other grounds 450 Mich 1212 (1995).

Here, defendant asserts that the trial court erred when it refused to redact certain portions from the video and transcript of his police interview—specifically, accusations made by the interrogating police officers that he participated in other robberies in addition to the charged offense. During the interrogation, defendant consistently denied involvement in the other alleged crimes. These video and transcript portions, defendant says, were not relevant and more prejudicial than probative.

Defendant's assertions are unavailing and incorrect as a matter of law, because the trial court properly admitted the video and transcript of his interrogation. The sections of which he

complains were relevant—defendant's denial of involvement in those other crimes tended to make his admission of involvement in the charged crime more convincing. Nor were these portions of the transcript unfairly prejudicial. The accusations made by the interrogating officers—and defendant's consistent denial of those accusations[1]—were so vague that it is extremely unlikely the jury would have assumed defendant participated in the other robberies, and conclude on this basis that he committed the charged offense. Nor did the prosecution provide any additional evidence at trial on the other robberies, or seek to link defendant to them. And, as noted, the trial court gave the jury an instruction that the accusations of the police officers could not be considered evidence. Jurors are presumed to follow the trial court's instructions. *People v Meissner,* 294 Mich App 438, 457; 812 NW2d 37 (2011).

In any event, had the trial court erred in admitting the video and transcript sections, the error would have been harmless. Again, the specific comments of which defendant complains in the video and transcript were quite vague, and it is extremely unlikely the jury reached its guilty verdict based on these comments. And the jury also heard unrelated evidence—in the form of extensive testimony from the victim, eyewitnesses, and police officers—that established defendant's guilt.

Accordingly, defendant is unable to establish that the outcome of the trial would have been different, but for the admission of relevant portions of the video and transcript of his police interview.

## B. OV 10

OV 10 addresses the exploitation of a vulnerable victim. MCL 777.40(1). A defendant is assessed 15 points if predatory conduct is involved in the offense. MCL 777.40(1)(a). By contrast, zero points should be assessed when the "offender did not exploit a victim's vulnerability." MCL 777.40(1)(d). Predatory conduct means "preoffense conduct directed at a victim . . . for the primary purpose of victimization." MCL 777.40(3)(a). The Legislature did not intend "predatory conduct" to include any manner of "preoffense conduct." *People v Huston,* 489 Mich 451, 461-462; 802 NW2d 261 (2011). Instead, the conduct must be that which is "commonly understood as being 'predatory' in nature, e.g., lying in wait and stalking, as opposed to purely opportunistic criminal conduct or 'preoffense conduct involving nothing more than run-of-the-mill planning to effect a crime or subsequent escape without detection.' " *Id*. at 462.

Here, defendant wrongly claims that the trial court erred when it assessed 15 points for OV 10. Defendant aided and abetted the commission of an offense that involved the exact sort of "predatory conduct" OV 10 is designed to punish. A witness testified that before the robbery, he saw defendant's co-offender standing outside the market where the crime took place. A line of sight existed between where the co-offender stood and where defendant waited in the getaway vehicle. While the co-offender stood at the corner and defendant waited in the car, the co-

---

[1] Defendant's denial of involvement in these other crimes was supported by the testimony of one of the interrogating officers.

offender was passed by a lone gentleman, two individuals, and then a group of children.  Finally, the victim, a lone female wearing a visible necklace, left the market, and the co-offender attacked her.

From this evidence, the trial court properly found that defendant and his co-offender engaged in predatory conduct as they targeted a particular type of victim—a vulnerable woman—and then laid in wait until the perfect victim crossed their path.  Defendant's assertions to the contrary are without merit, and because he has failed to establish a scoring error, he is not entitled to resentencing.[2]  See MCL 769.34(10).

Affirmed.


/s/ Christopher M. Murray
/s/ Henry William Saad
/s/ Joel P. Hoekstra

---

[2] Defendant's assertions that he was not involved in the selection of the victim, and thus should not have his crime assessed under OV 10, are belied by the record.  Leaving aside the issue of whether a trial court may consider the conduct of a co-offender when scoring OV 10, the record demonstrates that the trial court scored defendant for *his* conduct—specifically, his role in selecting a vulnerable victim.