# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RYAN ROBERT CAMARGO,

Defendant-Appellant.

UNPUBLISHED
August 3, 2017

No. 332438
Macomb Circuit Court
LC No. 2015-001861-FH

Before: SHAPIRO, P.J., and GLEICHER and O'BRIEN, JJ.

PER CURIAM.

A jury convicted defendant of domestic violence, MCL 750.813, and assault by strangulation, MCL 750.84, for his late-night assault of his girlfriend in a hotel room. Defendant raises a meritless challenge to the sufficiency of the evidence supporting his convictions. He also raises several challenges to his sentences, none of which warrant relief. We affirm.

## I. BACKGROUND

On the night of April 27, 2015, defendant and his girlfriend, KH, rented a hotel room where they played video games, watched movies, and consumed alcohol. KH testified regarding the evening's events at defendant's preliminary examination. She described that defendant yelled at her and called her names because of her poor video game skills and because she arranged for someone else to pick her up and take her to work in the morning. Defendant eventually "calmed down" and KH went to bed. She later awoke from a nightmare and roused defendant. Defendant flew into a rage and attacked her. Defendant stormed around the room and ripped the mounted TV from the wall. He then returned to the bed and struck KH several times, mostly in the head and face.

Defendant continued the assault by wrapping his hands around KH's throat, choking her three times. The first time KH blacked out, the second time she blacked out and urinated, and the third time she nearly lost consciousness. Afterwards, defendant struck KH again in the face, causing a large gash that ultimately required four stitches. "[T]here was so much blood" that KH "thought [she] had lost [her] eye." Defendant also bit KH on the face. Photographs later taken at the hospital corroborated KH's injuries.

KH was afraid to leave the hotel room because defendant threatened to kill her. Moreover, in the midst of the attack, defendant attempted to drown himself by putting his head

-1-

under water in the bathtub, requiring KH's intervention. KH was finally able to escape when defendant went into the bathroom to relieve himself. She fled the room barefoot and partially clad. KH waved down a passing motorist, who took her to the hospital.

Following his preliminary examination, defendant pleaded nolo contendere to the charges against him. Defendant thereafter violated a no-contact order and convinced KH to rekindle their romance. Believing KH would not testify negatively against him, defendant withdrew his plea. At trial, KH testified to a very different version of events, denying that defendant had assaulted her. Over defendant's objection, the court admitted KH's preliminary examination testimony into evidence. The jury eventually convicted defendant as charged.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant contends that the prosecutor presented insufficient evidence to support his assault by strangulation conviction. Defendant specifically notes that KH provided incredible and contradictory testimony. We review de novo challenges to the sufficiency of evidence, viewing the evidence in the light most favorable to the prosecution, *People v Harverson*, 291 Mich App 171, 175-176, 804 NW2d 757 (2010), to determine whether the evidence would "justify a rational trier of fact in finding the elements of the crime were proved beyond a reasonable doubt." *People v Phelps*, 288 Mich App 123, 131-132; 791 NW2d 732 (2010), overruled in part on other grounds *People v Hardy*, 494 Mich 430; 835 NW2d 340 (2013).

The offense of assault by strangulation is proscribed in MCL 750.84(1)(b), which prohibits a person from "[a]ssault[ing] another person by strangulation or suffocation." The statute defines "strangulation or suffocation" as "intentionally impeding normal breathing or circulation of the blood by applying pressure on the throat or neck or by blocking the nose or mouth of another person." MCL 750.84(2). KH testified at the preliminary examination that defendant strangled her three times during the attack and described the events in significant detail. The court required KH to remain in the courtroom at trial and allowed defense counsel to call her to the stand as well. During her trial testimony, KH recanted her earlier report and explained that the injuries depicted in the photographs were caused by rough sexual play.

The jury heard KH's preliminary examination testimony and observed her trial testimony first-hand. The jurors chose to believe KH's initial reports. That testimony provided ample evidence that defendant assaulted KH by strangulation. Ultimately, defendant asks this Court to discredit the role of the jury. "It is the province of the jury to determine questions of fact and assess the credibility of witnesses." *People v Lemmon*, 456 Mich. 625, 638; 576 NW2d 129 (1998). We will not interfere with that judgment. *People v Kanaan,* 278 Mich App 594, 619; 751 NW2d 57 (2008). Notably, defendant has not challenged the trial court's finding that KH was unavailable under MRE 804, or the admission of KH's preliminary examination testimony. The jury credited KH's original story over her new tale at the trial. And KH's original story supported the verdict.

## III. SENTENCING

Defendant contends that he is entitled to resentencing because the trial court imposed sentence on judge-found facts in contravention of *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). He also argues that the court improperly assessed 15 points for OV 8.

First and foremost, we reject defendant's position that remand is required pursuant to *Lockridge*. Remand for potential resentencing is only required when the trial court does not acknowledge that the sentencing guidelines are advisory only. *Lockridge*, 498 Mich at 397. The trial court clearly expressed awareness of *Lockridge*'s mandates in this case. During the preliminary examination, the court described the guidelines as "really . . . just advisory." At sentencing, the court noted, "the policy of the state of Michigan favors individualized sentencing for every convicted defendant. The sentence must be tailored to fit the particular circumstances of the case and the defendant." These statements were more than sufficient to meet *Lockridge*'s demand and there is no basis for a *Crosby* remand.[1]

Moreover, defendant's OV 8 score was adequately supported. We review for clear error a trial court's scoring assessment. The particular score must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 830 NW2d 340 (2013). OV 8 must be assessed at 15 points if "a victim was asported to another place of greater danger or to a situation of greater danger or *was held captive beyond the time necessary to commit the offense*." MCL 777.38(1)(a) (emphasis added). Defendant focuses his appellate argument on the first situation in which points must be assessed—asportation. However, the trial court indicated that it assessed 15 points because defendant held KH captive beyond the time necessary to commit the offense. KH's preliminary examination testimony supports that defendant forced her to remain in the hotel room longer than necessary to commit the assault. Defendant threatened to kill KH if she tried to escape and attempted to drown himself, forcing KH to remain in the room to prevent his death. KH was only able to flee after defendant went into the bathroom to use the facility, rather than to feign an attempt at suicide.

We affirm.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).