# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

KEVIN DAVID HAWLEY,

       Defendant-Appellant.

UNPUBLISHED
June 2, 2015

No. 320465
Roscommon Circuit Court
LC No. 13-006834-FH

Before: GLEICHER, P.J., and K. F. KELLY and SERVITTO, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] from his conviction following a guilty plea to one count of attempted first-degree home invasion, MCL 750.92 and MCL 750.110a(2), and one count of felonious assault, MCL 750.82. The trial court sentenced defendant to 34 to 60 months' imprisonment on the attempted home invasion conviction and 26 to 48 months on the felonious assault conviction. Because the trial court did not err in the scoring of the offense variables challenged by defendant, we affirm.

Defendant attempted to enter an individual's home through a window, intending to steal the homeowner's medical marijuana. The homeowner, known to the defendant as "Buddy", heard defendant trying to enter and ran outside to confront him. As defendant and the victim began to struggle, defendant grabbed a nearby garden hoe and swung it at the victim's head. The victim put his arm up to ward off the blow, and the blade of the hoe cut into his hand. Defendant struck the victim a second time, this time in the chest, and then fled on foot.

On appeal, defendant challenges the scoring of the statutory sentencing guidelines, MCL 777.1 *et seq*. Defendant argues that the trial court improperly assigned him 15 points for offense variable (OV) 1, MCL 777.31 (aggravated use of weapon) and 5 points for OV 2, MCL 777.32 (lethal potential of weapon used). In the trial court, defendant moved post-sentencing to correct

---

[1] *People v Hawley*, unpublished order of the Court of Appeals, entered May 1, 2014 (Docket No. 320465).

-1-

his sentence,[2] arguing that that the scoring of OVs 1 and 2 were erroneously based on his use of the garden hoe during the assault. He argued that a garden hoe is not a "knife or other cutting or stabbing weapon" as required for the point valuations assigned by the trial court for OVs 1 and 2. See MCL 777.31(c); MCL 777.32(d).[3] The court rejected defendant's challenge, holding that a garden hoe falls into the category of "other cutting or stabbing weapon." The trial court noted that a hoe is made of steel and has a sharp edge on it. The trial court stated, "A hoe would be benign . . . in most cases; however it has a blade on it. It has a handle."

Our review on appeal is governed by the following standards:

> Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo. [*People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (citations omitted).]

Under the circumstances of this case, the garden hoe wielded by defendant was a "cutting or stabbing weapon." In *People v Lange*, 251 Mich App 247, 256; 650 NW2d 691 (2002) our Supreme Court discussed the difference between objects that "carry their dangerous character because so designed and are, when employed, per se, deadly" and are "designed for the purpose of bodily assault or defense" and those that "are not dangerous weapons unless turned to such purpose." *Id.* at 256 (citations omitted). In the second class of objects, it is the intended use that renders the object includable in the definition of weapon.

As demonstrated in the instant case, in the same manner that an object not intrinsically dangerous can be used as a weapon, an object not specifically designed to cut a person, can, in fact, be so used. A garden hoe has a sharp, heavy metal blade coupled with the reach and leverage afforded by a wooden handle. A hoe's intended function is to allow the user to move soil and *cut* the roots of vegetation. The characteristics of a garden hoe that make it functional for the purpose for which it was intended also make it a dangerous and potentially lethal cutting or stabbing weapon. The trial court thus properly considered the hoe an "other cutting or stabbing weapon" and consequently properly scored OVs 1 and 2.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto

---

[2] At the sentencing hearing, defense counsel indicated that there were no objections to the OV scoring.

[3] Defendant also challenged assigning 10 points for OV 3, MCL 777.33 (physical injury to victim). The trial court agreed and reduced his score from 10 to 5.