# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KENNETH FORD,

Defendant-Appellant.

UNPUBLISHED
December 8, 2015

No. 323317
Wayne Circuit Court
LC No. 14-003279-FC

Before: MURRAY, P.J., and METER and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his bench-trial convictions of assault with intent to murder, MCL 750.83; felon in possession of a firearm, MCL 750.224f; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to 25 to 40 years' imprisonment for assault with intent to murder, 5 to 10 years' imprisonment for being a felon in possession of a firearm, and two years' imprisonment for felony-firearm. We affirm.

At approximately 4:00 p.m. on March 7, 2014, the victim, David Schultz, approached defendant outside of defendant's apartment building. Schultz hoped to apologize to defendant for a physical altercation the two men had the day before over a woman. After Schultz greeted defendant and the other man defendant was standing with, defendant invited Schultz up to defendant's apartment. Upon entering the apartment, defendant, Schultz, and the other man sat down at defendant's kitchen table. Schultz then began to apologize to defendant for assaulting him the previous day.

After hearing Schultz's apology, defendant excused himself to go to the bathroom. After approximately two minutes, Schultz observed defendant emerge from the bathroom carrying a shotgun by his right side. Defendant told the other man to move out of the way, at which point Schultz ran towards the front door of the apartment to avoid getting shot. As Schultz attempted to unlock the front door, defendant fired the shotgun and struck Schultz in his back and side. Schultz was able to escape from the apartment and received aid at a store next to the apartment building. Defendant was arrested later that day and a subsequent search of the apartment by the police uncovered an unspent shell casing on the floor of the apartment, two pellets inside the apartment by the front door, and a spent shell casing on the roof outside of the apartment.

-1-

Defendant first argues that he was denied his Sixth Amendment right to effective assistance of counsel. We disagree.

In order to preserve an ineffective assistance of counsel claim for appeal, a defendant must have moved for a new trial or an evidentiary hearing on that basis in the trial court. See *People v Barclay*, 208 Mich App 670, 672; 528 NW2d 842 (1995). Defendant failed to move for a new trial or evidentiary hearing in the trial court. Therefore, this Court's review is limited to the existing record. *Id.*

The ultimate constitutional issue arising from a claim of ineffective assistance of counsel is reviewed de novo. *People v LeBlanc*, 465 Mich 575, 582; 640 NW2d 246 (2002). Any findings of fact are reviewed for clear error. *Id.* at 583.

In order to prevail on a claim of ineffective assistance of counsel, "a defendant must show that counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced the defendant as to deprive him of a fair trial." *People v Pickens*, 446 Mich 298, 338; 521 NW2d 797 (1994). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland v Washington*, 466 US 668, 689; 104 S Ct 2052; 80 L Ed 2d 674 (1984). In order for the defendant to satisfy the prejudice prong of the analysis, "a court must conclude that there is 'a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.' " *Pickens*, 446 Mich at 312, quoting *Strickland*, 466 US at 695.

Defendant first claims that his trial counsel was ineffective because she failed to prepare for trial and failed to prepare a defense for trial. As the prosecution points out, defendant's claim that his trial counsel failed to prepare for trial is unsubstantiated. Defendant does not expand on this argument in his brief on appeal and there is no evidence in the record to suggest that defense counsel was unprepared for trial. Defendant's claim that his trial counsel failed to prepare a proper defense for trial is also not supported by the existing record. The record demonstrates that defendant's trial counsel tailored her strategy around defendant's testimony. Defendant testified at trial that he was beaten badly by Schultz the day before the shooting and that Schultz was ultimately the one who brought the shotgun to defendant's apartment the day of the shooting. Defendant's trial counsel elicited this testimony at trial and argued that it should be believed in her closing argument.

In his brief on appeal, and in an attached affidavit, defendant now claims that his trial counsel told him to testify that there was a struggle and that Schultz was accidentally shot at close range. Schultz contends that if he had not received this advice, he would have testified that he shot at Schultz from a far distance in order to scare him away. However, as stated above, this Court's review is limited to the existing record in light of defendant's failure to move for a new trial or evidentiary hearing in the trial court on the basis that his trial counsel was ineffective and

in light of this Court's order denying defendant's motion for a remand,[1] which we decline to revisit. The record demonstrates that defense counsel argued defendant's version of events at trial and attempted to impeach Schultz's testimony at various points during trial. "A defense attorney must enjoy great discretion in the trying of a case—especially with regard to trial strategy and tactics." *Pickens*, 446 Mich at 330. The record does not support the argument that defendant's trial counsel was deficient in preparing for trial or preparing a defense.

Defendant next argues that his trial counsel's performance was deficient because she failed to review Schultz's medical records with him before trial. Defendant contends that because the trial court found that the medical records contradicted defendant's testimony, his trial counsel was deficient when she failed to inform him of this contradiction before trial. Defendant contends that we should consider the affidavit referred to above. However, this affidavit, even if considered, does not provide a basis for reversal. Defendant claimed in this affidavit that "[h]is recollection of the incident that gave rise to these charges is spotty due to his long term drug addiction and mental health issues." Significantly, he stated that he had "little memory of the incident" but testified in accordance with his counsel's advice "because he had not seen the medical records." He stated that "[h]ad he known that this [i.e., the version about the gun going off accidentally during a struggle] could not have been the case due to the fact that a gun shot at this range would have killed Mr. Schultz he would have told the judge his recollection of the events." Given defendant's admission to a "spotty" recollection, and viewing the affidavit as a whole, it seems defendant is arguing that his attorney was ineffective for not helping defendant to properly fabricate his testimony to conform with the other evidence. We decline to accept this argument as a basis for reversal.

Moreover, as defendant's trial counsel argued at trial, the medical records were not necessarily inconsistent with defendant's testimony. The medical records revealed that Schultz suffered four gunshot wounds to the front and side of his abdomen and three gunshot wounds in the back. At trial, defendant testified that as he and Schultz were struggling for the weapon, defendant gained control of it and it accidentally fired and "hit [Schultz] in the side." While the trial court believed that being shot at close range would have killed Schultz, this does not demonstrate that defendant's testimony was inconsistent with Schultz's medical records. In fact, his testimony that the gun fired and hit Schultz in the side is actually fairly consistent with the medical records. The trial court's decision to find Schultz's account more credible is not proof of deficient performance by defendant's trial counsel.

Defendant contends that his trial counsel was deficient in not moving for a ballistics expert. This decision did not constitute ineffective assistance of counsel. There was no dispute that defendant fired the shotgun that injured Schultz. The primary issue at trial concerned whether defendant or Schultz was the aggressor. The type of weapon involved in the shooting was never at issue and defendant does not explain how a ballistics expert would have aided his case. "Decisions regarding what evidence to present, whether to call witnesses, and how to

---

[1] *People v Ford*, unpublished order of the Court of Appeals, entered March 31, 2015 (Docket No. 323317).

-3-

question witnesses are presumed to be matters of trial strategy." *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). Therefore, defendant's trial counsel's decision not to move for a ballistics expert was not a case of deficient performance.

Finally, defendant argues that his trial counsel was deficient in counseling defendant to waive his right to a jury trial. The record demonstrates that defense counsel discussed with defendant the consequences of waiving the right to a jury trial. Therefore, it cannot be said that defense counsel's actions fell below an objective standard of reasonableness. *Pickens*, 446 Mich at 302-303. Indeed, defendant does not expand on why this constituted deficient performance. As the prosecution notes, if this Court were to reverse based on this bare assertion, it would open the door to reversal of all convictions that came after a bench trial. There is no evidence to suggest that recommending waiver of the right to a jury trial was deficient in this case. Defendant was not denied his Sixth Amendment right to effective assistance of counsel.

Defendant next argues that he is entitled to resentencing because the trial court incorrectly scored offense variable (OV) 6 and prior record variable (PRV) 5.[2] Defendant also argues that he was denied his Sixth Amendment right to effective assistance of counsel during sentencing. We disagree.

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). However, whether the facts as found by the court are sufficient to meet the scoring conditions prescribed by statute is a legal question to be reviewed de novo. *Id.*

MCL 777.36(1)(a) directs trial courts to score OV 6 at 50 points where "[t]he offender had premeditated intent to kill[.]" While OV 6 was originally scored at 25 points by the probation department, the trial court stated that it should instead be scored at 50 points. Defendant argues that OV 6 should have been scored at 10 points, or at least should have remained at 25 points. MCL 777.36(1)(b) states that OV 6 is to be scored at 25 points if "[t]he offender had unpremeditated intent to kill, the intent to do great bodily harm, or created a very high risk of death or great bodily harm knowing that death or great bodily harm was the probable result[.]" MCL 777.36(1)(b). OV 6 is to be scored at 10 points if "[t]he offender had intent to injure or the killing was committed in an extreme emotional state caused by an adequate provocation[.]" MCL 777.36(1)(c).

---

[2] This Court notes the Michigan Supreme Court's recent decision holding that Michigan's sentencing guidelines are unconstitutional to the extent they "*require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range . . . " *People v Lockridge*, 498 Mich 358, 364; 870 NW2d 502 (2015). However, defendant has not raised a *Lockridge* issue on appeal.

A preponderance of the evidence supported the trial court's scoring of OV 6 at 50 points. "When the evidence establishes a fight and then a killing, there must be a showing of a thought process undisturbed by hot blood in order to establish . . . premeditated murder." *People v Plummer*, 229 Mich App 293, 301; 581 NW2d 753 (1998) (citation and quotation marks omitted). While there was no actual killing in this case, Schultz's testimony established that defendant got up from the table where he and Schultz were sitting, went to the bathroom for some minutes, and returned carrying the shotgun by his side. Defendant then took the time to tell the third man to move out of the way so he would be able to shoot Schultz. This deliberate process by defendant supports the trial court's finding that the shooting was undisturbed by hot blood and thus premeditated. While defendant argues that he was provoked because he was beaten by Schultz the day before, the amount of time that had elapsed between that fight and the shooting the next day precludes a finding that defendant acted with "hot blood." Therefore, the trial court correctly scored OV 6.

Defendant is also unable to establish that he was denied his right to effective assistance of counsel. In regards to OV 6, defendant's trial counsel argued that his actions fell short of premeditation. While the trial court disagreed with defense counsel, this is not evidence of deficient performance.[3]

With regard to PRV 5, even assuming, without deciding, that it should have been scored at zero instead of 5, defendant would have still been left with a total of 100 PRV points. Under MCL 777.62, a defendant is to be placed in PRV level F if he is assessed 75 or more PRV points. In light of the fact that defendant would still have been within PRV level F regardless of the scoring of PRV 5, resentencing is not required. *People v Gibbs*, 299 Mich App 473, 485; 830 NW2d 821 (2013).[4]

Finally, defendant argues that the trial court had grounds to depart below the sentencing guidelines because of his mental illness and age at the time of sentencing. Defendant also argues this his trial counsel was deficient in not arguing these factors in an attempt to mitigate his sentence. The Michigan Supreme Court held in *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015), that Michigan's sentencing guidelines, if calculated using judicial fact-finding, are advisory only and sentences that depart from the guidelines are to be reviewed for reasonableness. While defendant's presentence investigation report briefly refers to some mental illness, defendant did not present any direct evidence to the trial court of mental illness or explain how this alleged mental illness affected the incident at issue. The report did contain a history of defendant's substance abuse and defense counsel did inform the trial court at sentencing of defendant's substance abuse problem. However, some evidence of substance abuse was not a sufficient ground for finding the guidelines range unreasonable. Defendant argues that his age, 45 at the time of the incident, also should have been taken into account, but

---

[3] We note, also, that defense counsel was able to persuade the trial court to score OV 3 at 10 points instead of 25 over the objection of the prosecution.

[4] Moreover, defendant provides no authority for his argument that "[a]t the very least the guidelines should be amended for parole consideration purposes."

does not provide an explanation regarding why this age is exceptional. In addition to defendant's actions in the present case, the trial court was also made aware of defendant's prior criminal record, which included several felony convictions. In light of this, we conclude that a sentence below the guidelines would have been unreasonable.

We note that, just prior to the trial court handing down its sentence, defense counsel argued several mitigating factors, including the fact that defendant had been assaulted by Schultz the previous day. Defense counsel also noted that defendant's only prior violent convictions occurred when he was a much younger man and in recent years defendant had only been convicted of certain drug offenses. Defense counsel also informed the trial court of defendant's substance abuse problem. Defense counsel's decision not to address defendant's alleged mental illness cannot be said to fall below an objective standard of reasonableness, especially given the lack of evidence that this illness somehow affected the incident at issue.

Affirmed.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Michael J. Riordan