# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

AIMEE CHERRY,

       Defendant-Appellant.

UNPUBLISHED
February 11, 2016

No. 324269
Wayne Circuit Court
LC No. 14-004181-FC

Before: CAVANAGH, P.J., and RIORDAN and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order sentencing her to 40 months to 15 years' imprisonment for voluntary manslaughter, MCL 750.321.[1] On appeal, defendant only raises a sentencing issue concerning the evidentiary support for the scoring of offense variable (OV) 5. We affirm the trial court's assessment of 15 points under OV 5, but order a *Crosby*[2] remand pursuant to *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).

On October 26, 2013, defendant shot and killed her boyfriend after he allegedly raped her. Following a six-day trial, a jury convicted defendant of voluntary manslaughter, MCL 750.321, and felony-firearm, MCL 750.227b. At defendant's sentencing hearing, the court heard testimony from two of the victim's family members and concluded that serious psychological injury to the victim's family was shown by a preponderance of the evidence. Over defendant's objection, the court assessed 15 points under OV 5, which provides that 15 points may be assessed if a victim's family endured "[s]erious psychological injury requiring professional treatment." MCL 777.35(1)(a). As a result, defendant's OV score increased from 65 to 80 points, which increased her statutory minimum sentence range from 19 to 38 months to 29 to 57 months for her Class C felony conviction. See MCL 777.64. The trial court then sentenced defendant to 40 months to 15 years' imprisonment for the manslaughter conviction.

---

[1] Defendant was also sentenced to two years' consecutive imprisonment for possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. That sentence is not at issue in this appeal.

[2] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

On appeal, defendant argues that the trial court erred by finding that the victim's family suffered serious psychological injury, and therefore erred by assessing 15 points under OV 5. "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Whether the facts are sufficient to satisfy the scoring conditions prescribed by statute is an issue of statutory interpretation, which appellate courts review de novo. *Id.*

OV 5 addresses psychological injury to a victim's family, and provides that 15 points should be assessed "if the serious psychological injury to the victim's family may require professional treatment." MCL 777.35(2). At defendant's sentencing hearing, the victim's daughter testified that she was "distraught and devastat[ed]" by the victim's death and described her loss as "like living with an amputation." She explained that her brother would wake her mother up at night "crying because he misses his dad." The victim's niece also testified that one of the victim's sons was "extremely numb," and the whole family was struggling to deal with the victim's death. Although neither of the witnesses testified that they or other family members had sought psychological treatment, whether a family member actually sought treatment is not determinative. *People v Portellos*, 298 Mich App 431, 449; 827 NW2d 735 (2012). Considering the above testimony, we conclude that the evidence was sufficient to allow the trial court to assign 15 points under OV 5.

Although defendant did not raise this next issue in her appellate brief, we believe the circumstances of the case necessarily trigger a consideration of our Supreme Court's recent opinion in *Lockridge* because the trial court relied on testimony presented after the close of trial to assess points under OV 5. On July 29, 2015, the Michigan Supreme Court held that Michigan's sentencing guidelines were constitutionally deficient under *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013) and *Apprendi v New Jersey*, 530 US 466; 120 S Ct 2348; 147 L Ed 2d 435 (2000). *Lockridge*, 498 Mich at 364. Specifically, the Court concluded that Michigan's sentencing guidelines violated the Sixth Amendment to "the extent to which the guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score [OVs] that *mandatorily* increase the floor of the guidelines minimum sentence range." *Id.* The Court severed the requirement in MCL 769.34(2)[3] to the extent that it compelled courts to impose a sentence on the basis of facts not admitted by the defendant or found by a jury beyond a reasonable doubt. *Id.* As a result, trial courts must still score the sentencing guidelines and consider the score when sentencing a defendant, but the guidelines are advisory only. *Id.* at 365.

Appellate courts review constitutional questions de novo. *Lockridge*, 498 Mich at 373. Defendant did not object to the scoring of the OVs at sentencing on *Apprendi/Alleyne* grounds,

---

[3] MCL 769.34(2) provides that "the minimum sentence imposed by a court of this state for a felony enumerated in part 2 of chapter XVII committed on or after January 1, 1999 *shall* be within the appropriate sentence range under the version of those sentencing guidelines in effect on the date the crime was committed." (Emphasis added.)

so our review is limited to plain error affecting substantial rights. *Id.* at 392. To satisfy the plain-error standard, a defendant must show that "an error occurred, that the error was plain, i.e., clear or obvious, and that the plain error affected substantial rights." *Id.* at 393. Further, reversal is only warranted if the error "resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.*

In this case, the trial court assessed 15 points under OV 5 for serious psychological injury to the victim's family on the basis of testimony taken after the jury was dismissed. Accordingly, the court assessed the points on the basis of facts that were not admitted by defendant or found by the jury. Defendant had a prior record variable (PRV) score of 0, placing her in PRV level A (0 points), and an OV score of 80, placing her in OV level VI (more than 75 points). MCL 777.64. Deducting 15 OV points would reduce defendant's OV score from 80 to 65 and "change the applicable guidelines minimum sentence range," *Lockridge*, 498 Mich at 399, from 29 to 57 months to 19 to 38 months (OV level V—50 to 74 points).

In *Lockridge*, 498 Mich at 395, citing *Crosby*, 397 F3d 117-118, our Supreme Court held that all defendants "(1) who can demonstrate that their guidelines minimum sentence range was actually constrained by the violation of the Sixth Amendment and (2) whose sentences were not subject to an upward departure" are entitled to a remand to determine whether the trial court committed plain error. Therefore, defendant is entitled to a *Crosby* remand pursuant to *Lockridge*. On remand, the trial court should first give defendant the opportunity to decline resentencing. *Lockridge*, 498 Mich at 398.

We affirm the scoring of OV 5, but order a *Crosby* remand pursuant to *Lockridge* regarding defendant's sentence. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Michael J. Riordan
/s/ Michael F. Gadola