PEOPLE v GIBSON

Docket No. 187010. Submitted October 9, 1996, at Grand Rapids. Decided October 18, 1996, at 9:05 A.M.

Terrance L. Gibson was convicted by a jury in the Calhoun Circuit Court, James C. Kingsley, J., of first-degree criminal sexual conduct and was sentenced to twenty to forty years' imprisonment. The defendant appealed.

The Court of Appeals *held*:

1. The trial court did not abuse its discretion in admitting, under MRE 404(b), evidence of prior acts of the defendant that tended to show a plan or scheme to orchestrate the events surrounding the rape of the complainant so that she could not show nonconsent. The evidence was relevant and not more prejudicial than probative. The fact that the defendant was acquitted in the trial involving the prior acts does not destroy the relevance of the evidence.

2. The trial court did not err in scoring twenty-five points for Offense Variable 2 on the basis that the defendant caused personal injury to the victim. The Sentencing Guidelines allow a factor that is an element of the crime charged to also be considered in computing an offense variable score. Because the score received for an offense variable is not a form of punishment, double jeopardy issues are not implicated in the scoring of the guidelines.

Affirmed.

1. Rape — Evidence — Prior Bad Acts — Relevant Evidence.

Evidence of a defendant's prior acts is admissible in a sexual assault prosecution if it tends to show a plan or scheme to orchestrate the events surrounding the sexual assault so that the complainant could not show nonconsent; evidence indicating that the defendant employed a similar method and defense in a prior case may be relevant in the subsequent action as probative of whether the same means were employed in anticipation of using the same defense if accused; the fact that the defendant was acquitted in the prior case does not destroy the relevance of the evidence (MRE 402, 404[b]).

2. Sentencing Guidelines — Offense Variables — Factors — Elements of Crime — Double Jeopardy.

> The Sentencing Guidelines allow a factor that is an element of the crime charged to also be considered in computing an offense variable score; there is no double jeopardy violation because the score a defendant receives on an offense variable is not a form of punishment.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Jon R. Sahli*, Prosecuting Attorney, and *David K. Heiss*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Gail Rodwan*), for the defendant on appeal.

Before: NEFF, P.J., and HOEKSTRA and G. D. LOS-TRACCO,* JJ.

NEFF, P.J. Defendant was convicted by a jury of first-degree criminal sexual conduct, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f), and sentenced to twenty to forty years' imprisonment. He appeals as of right. We affirm.

I

Before trial in the present case, the prosecutor moved to introduce as rebuttal evidence testimony from a 1993 criminal sexual conduct trial in which defendant was charged with raping a woman. In that case, defendant's defense was that the victim consented to sex in exchange for drugs. Defendant was acquitted in that case. The prosecution stated that it would use this testimony should defendant claim that the victim in the present case consented to sex in exchange for drugs. The trial court granted the motion.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

At trial, the victim testified that defendant forced her to engage in sexual intercourse. Defendant testified that the victim consented to sex in exchange for drugs. In rebuttal, the prosecutor introduced relevant portions of testimony from the 1993 trial. In allowing this evidence, the trial court instructed the jury that it should consider the evidence only to the extent that it "tends to show that the defendant used a plan, system, or characteristic scheme that he has used before or since" and that the jury should not consider it for any other purpose, such as evidence of character.

II

On appeal, defendant argues that this evidence was not admissible under MRE 404(b). We disagree. We review a trial court's decision to admit evidence for an abuse of discretion. *People v McAlister*, 203 Mich App 495, 505; 513 NW2d 431 (1994). Pursuant to MRE 404(b), evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith, although it may be admissible to show motive, opportunity, intent, preparation, scheme, plan, or system in doing an act. MRE 404(b); MCL 768.27; MSA 28.1050. The fact that character evidence is offered for an appropriate purpose, however, does not end the inquiry. The trial court must also determine whether the evidence is relevant under MRE 402 and whether the danger of unfair prejudice substantially outweighs the probative value of the evidence under MRE 403. *People v VanderVliet*, 444 Mich 52, 74-75; 508 NW2d 114 (1993).

A

In a sexual assault prosecution, evidence of prior acts is admissible under MRE 404(b) if it "tend[s] to show a plan or scheme to orchestrate the events surrounding the rape of complainant so that she could not show nonconsent." *People v Oliphant*, 399 Mich 472, 488; 250 NW2d 443 (1976). We find that the prior acts evidence in the present case shows such a scheme.

The assault in each case involved a woman who defendant knew was a crack cocaine user. In each case defendant took affirmative steps to be alone with the complainant. In each case defendant asserted not just the defense of consent, but consent in the context of an exchange of sex for drugs. This demonstrates that defendant had a plan for choosing his victim on the basis of knowledge that she was a crack user that would enable him to claim a sex-for-drugs swap should he be accused of the crime. Therefore, the evidence was the type of evidence admissible under MRE 404(b).

B

We also conclude that the evidence was relevant. MRE 402. The fact that defendant employed a similar method and defense in a prior case is probative of whether he employed the same means in anticipation of using the same defense if accused. Further, the fact that defendant was acquitted in the previous trial does not destroy the relevance of the evidence. *Oliphant, supra* at 495-499.

C

Defendant also argues that this evidence was more prejudicial than probative. We disagree. The jury received an appropriate limiting instruction and was also informed that the 1993 trial resulted in an acquittal. Therefore, we are not convinced that the trial court's decision regarding this matter was an abuse of discretion.

III

Finally, defendant objects to the scoring of twenty-five points in the sentencing information report for Offense Variable (OV) 2. We find no error.

Defendant received twenty-five points for OV 2 for causing personal injury to the victim. Defendant does not dispute that he caused injury to the victim. Rather, defendant argues that this score results in his being punished twice for the same conduct. Specifically, defendant notes that because he was charged with first-degree criminal sexual conduct on the theory that he caused personal injury to the victim, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f), the personal injury factor was already reflected in the crime charged. Thus, according to defendant, the evidence of personal injury should not also have been used to increase his minimum sentence.

A

Defendant's argument fails because the Sentencing Guidelines allow a factor that is an element of the crime charged to also be considered when computing an offense variable score. In *People v Cotton*, 209 Mich App 82, 84; 530 NW2d 495 (1995), this Court determined that in a prosecution for first-degree crim-

inal sexual conduct alleging sexual penetration of a person under thirteen years of age, it was proper for the defendant to be assigned fifteen points under OV 7, reflecting offender exploitation of victim vulnerability, even though such vulnerability is reflected in the statute. See, also, *People v Nantelle*, 215 Mich App 77, 84-85; 544 NW2d 667 (1996) (same result in context of conviction of attempted second-degree criminal sexual conduct).

B

Nor is there a double jeopardy violation. While we acknowledge that the Double Jeopardy Clauses of the United States and Michigan Constitutions protect against multiple punishment for the same offense, we conclude that the score a defendant receives on an offense variable is not a form of punishment.

In *People v Milbourn*, 435 Mich 630, 655-656; 461 NW2d 1 (1990), our Supreme Court stated that the guidelines are merely a tool for gauging the seriousness of a particular offense and offender in order to limit the disparity in sentences received by similarly situated defendants. In other words, according to the Court in *Milbourn*, the guidelines are "a useful tool in carrying out the legislative scheme of properly grading the seriousness and harmfulness of a given crime and given offender within the legislatively authorized range of punishments." *Id.* at 657-658. Because the guidelines are merely a tool for assessing the proper punishment, they are not, in and of themselves, a form of punishment.

Accordingly, we conclude that the scoring of the guidelines does not implicate double jeopardy issues.

Therefore, defendant is not entitled to relief with regard to this issue.

Affirmed.