# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

PAUL STEVEN CAVAGNARO,

      Defendant-Appellant.

UNPUBLISHED
February 28, 2017

No. 330354
Emmet Circuit Court
LC No. 15-004158-FC

Before: HOEKSTRA, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] his convictions, following a guilty plea, of second-degree criminal sexual conduct ("CSC-II"), MCL 750.520c(1)(b) (related by blood or affinity), and two counts of distributing sexually explicit material to a minor, MCL 722.675. He was sentenced to 71 to 180 months' imprisonment for his CSC-II conviction and 11 months' imprisonment for each distributing sexually explicit material to a minor conviction, to be served concurrently. We affirm.

## I. FACTUAL BACKGROUND

In August 2015, the trial court accepted defendant's guilty plea to the aforementioned offenses. Several other charges were dismissed in exchange for the plea. The victims of the crimes are defendant's daughters.

The presentence investigation report ("PSIR") described in detail defendant's mistreatment of the girls on several occasions, including incidents separate from the episodes giving rise to his convictions. In September 2015, apparently after reviewing the original version of the PSIR, defendant filed an objection to some of the statements in the PSIR and a supplemental objection that contested several of the offense variable ("OV") scoring recommendations presented in the report. At sentencing, the trial court ordered alterations to the

---

[1] *People v Cavagnaro*, unpublished order of the Court of Appeals, entered December 30, 2015 (Docket No. 330354).

-1-

PSIR in light of defendant's objections and considered each of his objections to the OV scoring. Ultimately, defendant was sentenced as described *supra*.

## II.  PRESENTENCE INVESTIGATION REPORT

Defendant first argues that the trial court erred when it failed to remove from the PSIR a statement that the criminal offenses were committed in 2012 and a reference to an incident when defendant repeatedly slammed his daughter's head into a wall.  This claim has no merit.

First, defendant waived this claim in the trial court.

[The Michigan Supreme] Court has defined "waiver" as "the intentional relinquishment or abandonment of a known right."  "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error."  When defense counsel clearly expresses satisfaction with a trial court's decision, counsel's action will be deemed to constitute a waiver.  [*People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (footnotes omitted), quoting *People v Carter*, 462 Mich 206, 215, 219; 612 NW2d 144 (2000).]

Here, in response to defendant's objection to the stated timing of the offenses in the PSIR, the trial court asked defense counsel, "Can we just put 2012, 2013 in those places, [defense counsel]?  Is that satisfactory?"  Defense counsel replied, "If that's the Court's ruling, yes.  Mr. Cavagnaro is pretty definite that it was in 2013."  The trial court ultimately ruled that it would "put 2012 and 2013."  Later in the hearing, defense counsel argued that the reference "to slamming [the victim's] head into a wall a few months ago" should be removed because the incident never happened, according to defendant.  In response, the trial court asked, "Would you add the [d]efendant disputes the slamming [the victim's] head into the wall about ten times a few months ago?"  Defense counsel replied, "I would not object."  Defense counsel's clear expressions of satisfaction with the trial court's proposed alterations waived any further challenge to these provisions of the PSIR on appeal.  See *id*.

Nevertheless, even if we were to review defendant's claims, we would conclude that they have no merit.[2]  The trial court gave defendant an opportunity to review his PSIR and challenge the accuracy of the information therein.  *People v Maben*, 313 Mich App 545, 553; 884 NW2d 314 (2015).

[T]he sentencing court has wide latitude in how to respond to the challenged information.  The court may determine the accuracy of the information, accept the defendant's version, or simply disregard the challenged information.  However, if

---

[2] "This Court reviews a trial court's response to a defendant's challenge to the accuracy of a PSIR for an abuse of discretion.  A trial court abuses its discretion when it selects an outcome outside the range of reasonable and principled outcomes." *People v Maben*, 313 Mich App 545, 552; 884 NW2d 314 (2015) (quotation marks and citations omitted).

the court chooses to disregard the challenged information, it must clearly indicate that it did not consider the alleged inaccuracy in determining the sentence. If the court finds the challenged information inaccurate or irrelevant, it must strike that information from the PSIR before sending the report to the Department of Corrections. [*Id.* at 553-554 (quotation marks and citations omitted).]

Consistent with defense counsel's acquiescence to the trial court's suggested revision on the record, the trial court adjusted the PSIR to state that defendant "does dispute that any of these actions occurred in 2012 and believes they occurred in 2013." Contrary to defendant's claim on appeal, "April 15, 2012" appears nowhere in the PSIR as the date of "the offense." Although it is clear from the language in the PSIR that the victims and investigating officers believe that the offenses occurred in 2012, the PSIR was amended to indicate defendant's disagreement with these accounts. Similarly, consistent with defense counsel's acquiescence to the trial court's suggested revision concerning the statement about defendant slamming his daughter's head into a wall, the revised PSIR summarizes the incident and then states, "The defendant disagrees with this."

These were the remedies to which defendant agreed. "A party may not take a position in the trial court and subsequently seek redress in an appellate court that is based on a position contrary to that taken in the trial court." *Blazer Foods, Inc v Rest Prop, Inc*, 259 Mich App 241, 252; 673 NW2d 805 (2003). In addition, "[a] defendant generally cannot claim error premised on an error to which he contributed by plan or negligence." *People v Bosca*, 310 Mich App 1, 29; 871 NW2d 307 (2015), app held in abeyance 872 NW2d 492 (2015).

Defendant simply is not entitled to relief.

### III. JUDICIAL FACT-FINDING

Next, defendant argues that the court engaged in impermissible judicial fact-finding when it scored the OVs.[3] We disagree.

### A. STANDARD OF REVIEW

"A Sixth Amendment challenge presents a question of constitutional law that this Court reviews de novo." *People v Lockridge*, 498 Mich 358, 373; 870 NW2d 502 (2015).

### B. ANALYSIS

---

[3] We note that defendant's claim is limited to the judicial fact-finding at sentencing in this case. He contends that the trial court erred because the court was only permitted to consider facts admitted by defendant, given the fact that his convictions were entered after a guilty plea and not a jury trial. He does not claim that the judicially found facts were not supported by a preponderance of the evidence, that they were clearly erroneous, or that they were insufficient to support the trial court's OV scoring. See *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (stating the general standard of review for OV scoring challenges).

In *Lockridge*, 498 Mich at 364, the Michigan Supreme Court concluded that Michigan's sentencing guidelines were "constitutionally deficient" to the extent that "the guidelines *require[d]* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase[d] the floor of the guidelines minimum sentence range, i.e., the 'mandatory minimum' sentence under *Alleyne*." To cure the constitutional violation, the Court "sever[ed] MCL 769.34(2) to the extent that it is mandatory and [struck] down the requirement of a 'substantial and compelling reason' to depart from the guidelines range in MCL 769.34(3)." *Id.* at 391-392. Accordingly, although the guidelines remain in effect after *Lockridge*, any minimum range calculated under the sentencing guidelines is advisory. *Id*. at 364-365, 391-392.

Defendant argues that the trial court's scoring of OV 3 and OV 11 was erroneous because it was based on facts not admitted by defendant. Defendant is correct that the trial court's scoring of those variables required judicial fact-finding. However, he fails to recognize that the judicial fact-finding was constitutionally permissible because he was sentenced after *Lockridge* was issued and, therefore, pursuant to advisory sentencing guidelines.[4] As a result, the trial court's judicial fact-finding in this case did not violate the Sixth Amendment because it did not increase a *mandatory* minimum sentence range. See *Lockridge*, 498 Mich at 392 ("Because sentencing courts will hereafter not be *bound* by the applicable sentencing guidelines range, this remedy cures the Sixth Amendment flaw in our guidelines scheme by removing the unconstitutional constraint on the court's discretion. Sentencing courts must, however, continue to consult the applicable guidelines range and take it into account when imposing a sentence."); *People v Biddles*, ___ Mich App ___; ___ NW2d ___ (2016) (Docket No. 326140); slip op at 5-6 ("The constitutional evil addressed by the *Lockridge* Court was not judicial fact-finding in and of itself, it was judicial fact-finding in conjunction with *required* application of those found facts for purposes of increasing a *mandatory* minimum sentence range, which constitutional violation was remedied in *Lockridge* by making the guidelines *advisory*, not by eliminating judicial fact-finding."); *id*. at ___; slip op at 6 ("[J]udicial fact-finding is proper, as long as the guidelines are advisory only.").

Thus, defendant is not entitled to relief on the basis of judicial fact-finding.

IV. CONCLUSION

Defendant has failed to establish that his claims warrant relief.

Affirmed.

/s/ Joel P. Hoekstra
/s/ Henry William Saad
/s/ Michael J. Riordan

---

[4] Notably, the trial court in this case expressly recognized that the sentencing guidelines were no longer mandatory and specifically emphasized the reasoning for its sentencing decisions.