*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 20, 2019

Plaintiff-Appellee,

v

No. 343528
Wayne Circuit Court
LC No. 17-007830-01-FC

LAMONT XAVIER CLARK,

Defendant-Appellant.

Before: BECKERING, P.J., and SAWYER and CAMERON, JJ.

PER CURIAM.

Defendant, Lamont Xavier Clark, appeals his jury-trial convictions of armed robbery, MCL 750.529, carjacking, MCL 750.529a, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Clark was sentenced to concurrent prison terms of 10 to 20 years for the armed robbery and carjacking convictions, to be served consecutive to a two-year prison term for the felony-firearm conviction. On appeal, Clark argues there was insufficient evidence to convict him of all three charges. We affirm.

## I. BACKGROUND

Clark's convictions arise out of a carjacking during the early morning hours of July 27, 2017. According to the victim, Drew Burrell, he went for a drive that morning at about 3:00 a.m. in his mother's white Saturn Ion, which he had permission to use. After taking an unfamiliar exit and getting lost, Burrell pulled over at a stop sign to use his cell phone for directions. While Burrell was searching for directions, Clark approached Burrell's car and put a gun to Burrell's head through the open driver's-side window. Clark told Burrell to get out of the car. Burrell testified that he got a good look at his assailant. After Burrell got out of the car, he complied with Clark's orders to run into an adjacent alley and lie down on the ground. As Burrell was lying in the alley, he heard the vehicle drive away. Burrell then walked to a nearby gas station to call the police. He informed the police that his carjacker was wearing a Detroit Tigers hat and a Detroit Tigers tie-dye shirt during the robbery.

The police were able to quickly locate Burrell's cell phone, but not the stolen vehicle, using the GPS locator on Burrell's phone. Police found the phone at a phone store in Detroit.

-1-

The officer in charge of the investigation learned from the store clerk that two people attempted to sell the phone, and the officer testified that he viewed a surveillance video of two individuals arriving at the phone store in a car that appeared to be Burrell's. The video also showed the two suspects entering the phone store, and they were later identified as Clark and his girlfriend, Josie Jones.

The police located the stolen vehicle a few days later in a hotel parking lot in Livonia. The officer who discovered the vehicle ran the plates and determined that the car had been stolen. He also saw a Detroit Tigers hat on the dashboard. Police surveillance of the vehicle was futile, but the officers later found fingerprints inside the vehicle matching Clark's and Jones's fingerprints. Surveillance video from the hotel also showed Clark, Jones, and two children get out of the vehicle and enter the hotel, and Jones had filled out a hotel registration form.

Days later, Burrell was called to the police department to identify Clark from a photographic array. Burrell identified Clark as the carjacker from one of the photographs, and Clark was arrested.

At trial, Clark's mother claimed that Clark had been at her home the night of the carjacking. However, she admitted seeing Clark riding with Jones in a white car that "looked like a Saturn." Additionally, the home where defendant was living was just a few minutes from the location of where the carjacking occurred. Burrell also testified and identified Clark as the carjacker. Clark was convicted of armed robbery, carjacking, and felony-firearm.

## II. SUFFICIENCY OF THE EVIDENCE

On appeal, Clark argues that the prosecution failed to present legally sufficient evidence to support his convictions for armed robbery, carjacking, and felony-firearm. We disagree.

"A challenge to the sufficiency of the evidence in a jury trial is reviewed de novo." *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014). All record evidence must be viewed in the "light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006).

> The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict. The scope of review is the same whether the evidence is direct or circumstantial. Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime. [*People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000) (quotation marks and citation omitted).]

"It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). Our Supreme Court has explained that "it does not matter that the evidence gives rise to multiple inferences or that an inference gives rise to further inferences." *Id*.

Clark was convicted of armed robbery, carjacking, and felony-firearm. As this Court explained in *People v Henry*, 315 Mich App 130, 136-137; 889 NW2d 1 (2016), to convict a defendant of armed robbery, the prosecution must prove:

> (1) the defendant, in the course of committing a larceny of any money or other property that may be the subject of a larceny, used force or violence against any person who was present or assaulted or put the person in fear, and (2) the defendant, in the course of committing the larceny, either possessed a dangerous weapon, possessed an article used or fashioned in a manner to lead any person present to reasonably believe that the article was a dangerous weapon, or represented orally or otherwise that he or she was in possession of a dangerous weapon. [Quotation marks and citations omitted.]

Our Supreme Court held in *People v Hardy*, 494 Mich 430, 444; 835 NW2d 340, 347 (2013):

> A carjacking occurs in the course of committing a larceny of a motor vehicle. While doing so, a defendant must use (1) force or violence, (2) the threat of force or violence, or (3) put in fear any operator, passenger, or person in lawful possession of the motor vehicle, or any person lawfully attempting to recover the motor vehicle. (Quotation marks and citations omitted.)

Finally, as to the count of felony-firearm, MCL 750.227b states, in pertinent part, that "a person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony" is guilty of felony firearm. "The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Bass*, 317 Mich App 241, 268-269; 893 NW2d 140 (2016), quoting *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999).

Clark argues that there is insufficient evidence to convict him of all three charges. However, Burrell identified Clark as the person who committed the crimes against him. It is well settled that identity is an element of every offense. *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). Furthermore, Clark's fingerprints were found inside the stolen vehicle, there was video of him driving Burrell's vehicle, there was evidence that he attempted to sell Burrell's cell phone at a store, and Clark's own mother testified that she saw him in a vehicle that "looked like a Saturn." There was sufficient evidence introduced at trial to allow a rational trier of fact to infer that Clark was the perpetrator of the crimes.

As to armed robbery, Burrell identified Clark as the man who pointed a gun at Burrell and ordered him out of the car, thus using the threat of force to take Burrell's vehicle, in which Burrell had left his cell phone. Clark was in possession of Burrell's cell phone until he attempted to sell it. Therefore, a rational trier of fact could conclude that the prosecution had satisfied the elements of armed robbery beyond a reasonable doubt.

Similarly, there was sufficient evidence at trial to support the carjacking conviction. According to Burrell, Clark targeted him specifically for his vehicle, and he ordered Burrell out of the car by threating him with a gun. A gun was found in Burrell's vehicle recovered from the

hotel parking lot. A rational trier of fact could find that the prosecution had proven all of the essential elements of carjacking beyond a reasonable doubt.

Turning to the felony-firearm conviction, armed robbery and carjacking served as alternative predicate felonies for the felony-firearm charge. As already noted, there was ample evidence on this record for a reasonable juror to conclude that Clark committed both of the predicate felonies, and did so by intentionally brandishing a firearm. A rational juror could reasonably infer that Clark was in knowing possession of a firearm during the commission of either predicate felony.

Lastly, in a one-sentence argument lacking any citation to supporting authority, Clark argues that "the photo array shown to the victim distinguished [Clark's] photo by cropping it differently from the others." Clark seems to suggest that the photographic array should have been suppressed as unduly suggestive. See *Perry v New Hampshire*, 565 US 228, 232; 132 S Ct 716; 181 L Ed 2d 694 (2012) ("This Court has recognized . . . a due process check on the admission of eyewitness identification, applicable when the police have arranged suggestive circumstances leading the witness to identify a particular person as the perpetrator of a crime."). By failing to state that issue in his statement of questions presented, Clark has waived this Court's consideration of it, see *People v Bennett*, 290 Mich App 465, 484 n 4; 802 NW2d 627 (2010), and by failing to cite any supporting authority, Clark has abandoned any such claim of error, see *People v Huffman*, 266 Mich App 354, 371; 702 NW2d 621 (2005), ("Defendant presents only a cursory argument on this issue, without any supporting authority, and we consider this claim abandoned."). Regardless, because Clark never moved to suppress the identification testimony below, the issue is unpreserved, see *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000), and given the overwhelming weight of the evidence against Clark, his claim of error concerning the eyewitness identification necessarily fails under plain-error review, see *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999), (noting that, under the plain-error test, the defendant "bears the burden of persuasion with respect to prejudice"). In light of the fingerprints, the video evidence, and the testimony from Clark's mother, Clark cannot demonstrate that the admission of evidence concerning Burrell's eyewitness identification was outcome determinative.

Affirmed.

/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Thomas C. Cameron