*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SHAWN LEE-LAWRENCE MINNICK,

        Defendant-Appellant.

UNPUBLISHED
January 26, 2023

No. 360594
Jackson Circuit Court
LC No. 19-001712-FH

Before: PATEL, P.J., and BORRELLO and SHAPIRO, JJ.

PER CURIAM.

Defendant, Shawn Lee-Lawrence Minnick, appeals by leave granted[1] his sentence following his plea of guilty to operating while intoxicated causing serious injury, MCL 257.625(5)(a). The trial court sentenced him, as a third-offense habitual offender, MCL 769.11, to 4 to 10 years' imprisonment. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

The facts underlying this appeal are largely uncontested. Following an altercation, defendant left a bar. Eyewitnesses saw defendant intentionally crash into other vehicles parked in the parking lot. Once on the road, defendant traveled 63 to 65 miles per hour in a 45-mile-per-hour zone. In addition, one eyewitness, who followed defendant, observed defendant weaving in and out of his lane and crossing the centerline into oncoming traffic. Ultimately, defendant crashed head on into another driver from the opposite lane. When emergency medical personnel (EMS) arrived, they determined that defendant received minor injuries and did not require immediate medical attention. On the other hand, EMS treated the victim for significant injuries. EMS conveyed to law enforcement that defendant admitted to consuming alcohol. At a hospital, defendant's blood was drawn and later tested to be 0.261 grams per 100 milliliters of blood.

---

[1] *People v Minnick*, unpublished order of the Court of Appeals, entered May 5, 2022 (Docket No. 360594).

Defendant pleaded guilty to operating while intoxicated causing serious injury as a third-offense habitual offender pursuant to a plea agreement. In exchange, the prosecution dismissed defendant's operating while intoxicated under a third-offense enhancement and as a fourth-offense habitual offender. As the factual basis for his plea, defendant admitted to operating while intoxicated causing serious injury when questioned by the trial court.

The trial court sentenced defendant, as a third-offense habitual offender, to 4 to 10 years' imprisonment. When the trial court asked, defendant did not raise any additions or corrections to the scoring of any prior record variable (PRV) or offense variable (OV). The trial court assessed 25 points for OV 3 and 10 points for OV 17. The trial court calculated defendant's total OV score at 100 points, which was OV Level VI, and total PRV score at 25 points, which was PRV Level D. See MCL 777.66. The crime of operating while intoxicated causing serious injury is a Class E offense. MCL 777.12f. Accordingly, the minimum sentencing guidelines range, for a third-offense habitual offender, was 19 to 57 months. See MCL 777.66; see also MCL 777.21(3). The trial court sentenced defendant to 4 to 10 years' imprisonment, which was near the top of the guidelines.

## II. ANALYSIS

On appeal, defendant argues that the trial court erred by assessing 25 points for OV 3 because the criminal activity is the same conduct evaluated for the variable. Defendant labels such scoring as "double counting." Further, defendant argues, the trial court should not have scored 10 points for OV 17 because there was no evidence to establish that defendant's culpability was beyond the most basic actions required to satisfy the offense. The crime of operating while intoxicated causing serious injury does not determine how wanton an individual is based on his or her level of intoxication. Instead, the crime is complete if someone is injured as a result of defendant's operating while intoxicated. Defendant contends that when OVs 3 and 17 are corrected, defendant's guidelines range is reduced, so defendant is entitled to a resentencing.

Defendant filed a timely motion to remand to preserve his claim that his guidelines were improperly scored. Consequently, defendant preserved this issue for appeal.

Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo. [*People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (citation omitted).] This Court will conclude that the trial court's factual determinations are clearly erroneous only if left with a define and firm conviction that the trial court made a mistake. *People v Armstrong*, 305 Mich App 230, 242; 851 NW2d 856 (2014). "Under the statutory sentencing guidelines, the trial court must score the applicable offense and prior record variables to determine the appropriate range for the minimum sentence." *People v Kimble*, 470 Mich 305, 309; 684 NW2d 669 (2004). "[The] sentencing court may consider all record evidence before it when calculating the guidelines, including, but not limited to, the contents of a presentence investigation report, admissions made by a defendant during a plea proceeding, or testimony taken at a preliminary examination or trial." *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012) (quotation marks and citation omitted). The trial court may also consider a victim-impact statement. See *People v Earl*, 297

Mich App 104, 110; 822 NW2d 271 (2012). The trial court may draw inferences regarding a defendant's behavior from objective evidence when sentencing the defendant. *People v Petri*, 279 Mich App 407, 422; 760 NW2d 882 (2008) (citation omitted).

We first address defendant's contention on appeal that the trial court erroneously assessed 25 points for OV 3 because his conviction of operating while intoxicated causing serious injury already punished him for causing life-threatening or permanent incapacitating injury.

OV 3 concerns the "physical injury to a victim." MCL 777.33(1). Under OV 3, 25 points are properly assessed when a "[l]ife threatening or permanent incapacitating injury occurred to a victim[.]" MCL 777.33(1)(c). In assessing points for OV 3, the focus is not on the defendant's actions, or on whether the defendant's actions placed a victim in a life-threatening situation; rather, the question is whether the victim's injuries were life-threatening. *People v Chaney*, 327 Mich App 586, 590; 935 NW2d 66 (2019).

Here, defendant concedes that he caused a serious impairment of a bodily function of another person, an element of operating while intoxicated causing serious injury. See MCL 257.625(5)(a). Thus, his argument is not one of fact but rather one of law, namely, that he cannot be scored under OV 3 for causing a life-threatening or permanent incapacitating injury because the crime itself already punished him for such causation, which constitutes a "double count."

This argument, which is essentially asserting a double jeopardy violation, has been addressed and rejected. In *People v Gibson*, 219 Mich App 530; 557 NW2d 141 (1996), this Court, when examining whether the sentencing guidelines allow a factor that is an element of the crime charged to also be considered when computing an offense variable score, held there is no double jeopardy violation. *Id*. at 535. This Court went on to state:

> In *People v Milbourn,* 435 Mich. 630, 655-656; 461 N.W.2d 1 (1990), our Supreme Court stated that the guidelines are merely a tool for gauging the seriousness of a particular offense and offender in order to limit the disparity in sentences received by similarly situated defendants. In other words, according to the Court in *Milbourn,* the guidelines are "a useful tool in carrying out the legislative scheme of properly grading the seriousness and harmfulness of a given crime and given offender within the legislatively authorized range of punishments." *Id*. at 657-658. Because the guidelines are merely a tool for assessing the proper punishment, they are not, in and of themselves, a form of punishment. *Id.*

In *Hardy*, 494 Mich at 442, our Supreme Court stated: "the Sentencing Guidelines allow a factor that is an element of the crime charged to also be considered when computing an offense variable score." Accordingly, the trial court could take into consideration defendant's actions that caused a serious impairment of a bodily function of another person, even though those actions were also an element of defendant's crime, when assessing whether defendant caused a life-threatening or permanent incapacitating injury under OV 3. Accordingly, the trial court did not clearly err by assessing 25 points for OV 3.

Next, defendant argues that the trial court erroneously assessed OV 17 at 10 points because there was no evidence to establish that defendant's culpability went beyond what was required to satisfy the elements for operating while intoxicated causing serious injury.

OV 17 concerns the "degree of negligence exhibited." MCL 777.47(1). Under OV 17, 10 points are properly assessed when "[t]he offender showed a wanton or reckless disregard for the life or property of another person." MCL 777.47(1)(a). A trial court properly assesses OV 17 when the offense involved the operation of a vehicle. MCL 777.22(1). As used, wantonness means that a defendant was aware of and disregarded the consequences that might result from his actions, and "usually 'suggests a greater degree of culpability than recklessness . . . .' " *People v Feezel*, 486 Mich 184, 196; 783 NW2d 67 (2010), quoting *Black's Law Dictionary* (8th ed) (alteration in original). And, as used, reckless disregard means a "[c]onscious indifference to the consequences of an act." *Black's Law Dictionary* (10th ed). This standard is not "merely an elevated or enhanced form of ordinary negligence" but an "indifference to the rights of others that is equivalent to a criminal intent." *People v Schaefer*, 473 Mich 418, 438; 703 NW2d 774 (2005) (quotation marks and citation omitted).

The record contradicts defendant's assertions. It is apparent from the record that defendant was indifferent to the consequences of his actions. Defendant was operating a motor vehicle with a blood alcohol level of .261 grams per 100 milliliters of blood, more than three times the legal limit. As he was leaving the bar, eyewitnesses saw defendant intentionally crash into other parked vehicles in the parking lot. And, instead of realizing that he could not reasonably drive or even attempt to address the damage he caused in the bar parking lot, defendant proceeded onto a public roadway where witnesses testified he swerved and veered in and out of his lane all while approaching speeds of 63 to 65 mph---twenty miles over the limit until he crashed head on with another vehicle causing the victim to sustain permanent and life-changing injuries. On this record, the trial court properly found that getting behind the wheel of a vehicle, leaving the parking lot after intentionally crashing into vehicles, and continuing onto a public roadway where defendant was observed weaving in and out of the lane and crossing the centerline into oncoming traffic, while extremely intoxicated, was a wanton and reckless disregard for the life or property of another person. Accordingly, we affirm the trial court's assessment of 10 points for OV 17.

Affirmed.

/s/ Sima G. Patel
/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro