*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 16, 2025
10:02 AM

Plaintiff-Appellee,

v

No. 372086
Berrien Circuit Court
LC No. 2022-003595-FH

VICTORIA MARIA JESKE,

Defendant-Appellant.

Before: CAMERON, P.J., and REDFORD and GARRETT, JJ.

PER CURIAM.

Defendant, Victoria Maria Jeske, operated a prostitution ring and pleaded guilty, pursuant to a plea agreement, to conducting a criminal enterprise, MCL 750.159i(1). After she failed to appear at sentencing, the trial court sentenced her to 60 days in jail for contempt, which the court later reduced to 30 days. Thereafter, the court sentenced Jeske, as a second-offense habitual offender, MCL 769.10, to 5 years and 10 months to 30 years' imprisonment for conducting a criminal enterprise. She appeals her sentence by leave granted,[1] arguing that the trial court violated her constitutional double-jeopardy protections by assessing points under offense variable (OV) 19 on the basis that she interfered with the administration of justice by failing to appear at sentencing. She maintains that the court had already considered her failure to appear and sentenced her to jail for that conduct. Because the assessment of points under OV 19 was not a form of punishment and did not implicate Jeske's double-jeopardy protections, we affirm.

## I. FACTS AND PROCEEDINGS

Jeske and at least two other females, including a teenage girl, engaged in prostitution and shared their earnings. Jeske advertised the sexual services of the teenage girl on a website called "skipthegames." Jeske then arranged meetings between the girl and persons who contacted Jeske in response to the advertisements. The prosecutor charged Jeske with accepting the earnings of a

---

[1] *People v Jeske*, unpublished order of the Court of Appeals, entered September 30, 2024 (Docket No. 372086).

prostitute, MCL 750.457 (Count 1); inducing a person to become a prostitute (pandering), MCL 750.455 (Count 2); trafficking a minor for commercial sexual activity, MCL 750.462e(a) (Count 3); and being a third-offense habitual offender, MCL 769.11 (Count 4). Jeske pleaded guilty pursuant to a plea agreement in which Count 1 was amended to conducting a criminal enterprise, Counts 2 and 3 were dismissed, and Count 4 was reduced to a second-offense habitual offender. In addition, the parties agreed that 10 points would be assessed for OVs 12 and 14, 15 points would be assessed for OV 10, and the trial court would use the Class C sentencing offense grid rather than the Class B sentencing offense grid.

Jeske failed to appear for sentencing on June 26, 2023. The trial court revoked her bond and issued a bench warrant for her arrest. Thereafter, Jeske pleaded guilty to contempt of court for failing to appear, and the trial court sentenced her to 60 days in jail with 26 days' credit. The court later modified the sentence to 30 days in jail. At her sentencing for conducting a criminal enterprise, Jeske objected to the assessment of 10 points for OV 19. The prosecution argued that the score was proper because Jeske's failure to appear for sentencing constituted interference with the administration of justice, warranting 10 points under OV 19. The trial court agreed with the prosecutor. This appeal followed.

II. ANALYSIS

Jeske argues that assessing 10 points for OV 19 violated her state and federal double-jeopardy protections against multiple punishments because the trial court imposed a jail sentence for the same conduct on which the court relied to justify the OV 19 score. Although Jeske objected to the scoring of OV 19 at sentencing, she did not object on double jeopardy grounds—the basis she asserts on appeal. Because she failed to raise her double-jeopardy argument at sentencing, in a motion for resentencing, or in a motion to remand filed in this Court, it is not preserved for our review. See *People v Anderson*, 322 Mich App 622, 634; 912 NW2d 607 (2018).

We review unpreserved allegations of constitutional error for plain error affecting substantial rights. *People v Burkett*, 337 Mich App 631, 635; 976 NW2d 864 (2021). Under the plain-error test, "a defendant must prove that (1) error occurred, (2) the error 'was plain, i.e., clear or obvious,' and (3) 'the plain error affected substantial rights.' " *People v Davis*, 509 Mich 52, 67; 983 NW2d 325 (2022), quoting *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "An error affects substantial rights when it impacts the outcome of the lower-court proceedings." *Burkett*, 337 Mich App at 635 (quotation marks and citation omitted).

"Both the United States and Michigan Constitutions prohibit placing a defendant twice in jeopardy for a single offense." *People v Dillard*, 246 Mich App 163, 165; 631 NW2d 755 (2001). "The prohibition against double jeopardy provides three related protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense." *People v Nutt*, 469 Mich 565, 574; 677 NW2d 1 (2004). Jeske contends that the trial court twice sentenced her "for the same mistake," but she fails to cite any authority or provide any legal analysis in support of her assertion that assessing points under OV 19 constituted a second punishment in violation of her constitutional guarantees against double jeopardy. Rather, she simply asserts, "Obviously, this is double jeopardy." The appellant may not merely announce a position and expect this Court to discover and rationalize the basis for the

claims asserted. *People v Matuszak*, 263 Mich App 42, 59; 687 NW2d 342 (2004). Likewise, she may not provide "only cursory treatment of an issue with little or no citation of supporting authority." *Id.* (quotation marks, brackets, and citation omitted). "Such cursory treatment constitutes abandonment of the issue." *Id.* In any event, as discussed below, Jeske's argument lacks merit.

In *People v Gibson*, 219 Mich App 530, 535; 557 NW2d 141 (1996), this Court determined that "the score a defendant receives on an offense variable is not a form of punishment." In that case, a jury convicted the defendant of first-degree criminal sexual conduct under a theory that he caused personal injury to the victim. *Id.* at 531, 534. At sentencing, the trial court assessed points under OV 2 on the basis that he caused the victim personal injury. *Id.* at 534. This Court determined that assessing points under OV 2 did not constitute a double-jeopardy violation. *Id.* at 535. We reasoned that "the guidelines are merely a tool for gauging the seriousness of a particular offense and offender in order to limit the disparity in sentences received by similarly situated defendants." *Id.* We further stated, "Because the guidelines are merely a tool for assessing the proper punishment, they are not, in and of themselves, a form of punishment." *Id.* As such, we concluded that "the scoring of the guidelines does not implicate double jeopardy issues." *Id.*

In accordance with *Gibson*, the trial court's assessment of 10 points for OV 19 did not constitute punishment and therefore did not implicate Jeske's double-jeopardy protections. In addition, although Jeske does not contend that the assessment of 10 points for OV 19 was itself improper, we conclude that the trial court did not err by scoring 10 points on the basis that Jeske "interfered with or attempted to interfere with the administration of justice." MCL 777.49(c). "[T]he plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013). Further, "OV 19 is generally scored for conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense." *People v Sours*, 315 Mich App 346, 349; 890 NW2d 401 (2016). By failing to appear at sentencing and fleeing the jurisdiction for approximately seven months, Jeske obstructed the trial court's ability to administer judgment and hold her accountable for the sentencing offense. Accordingly, the trial court properly assessed 10 points under OV 19.

Affirmed.

/s/ Thomas C. Cameron
/s/ James Robert Redford
/s/ Kristina Robinson Garrett