*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANGELL DOMONIQUE JACKSON,

Defendant-Appellant.

UNPUBLISHED
January 30, 2020

No. 345409
Wayne Circuit Court
LC No. 17-010416-01-FH

Before: METER, P.J., and FORT HOOD and REDFORD, JJ.

PER CURIAM.

Defendant appeals as of right from her convictions following a bench trial for malicious destruction of personal property, MCL 750.377a, and assault, MCL 750.81. We affirm.

## I. BACKGROUND

Defendant's convictions result from her destruction of Portia Lamb's vehicle, while Lamb was inside the car. Lamb was driving eastbound on Seven Mile Road in Detroit when she noticed defendant following her in a white Dodge Challenger. Lamb testified that defendant aggressively "tailgated" her vehicle and pulled alongside her. The two women engaged in a back-and-forth shouting match and eventually came to an intersection. Multiple witnesses testified that, at the intersection, defendant pulled her car horizontally in front of Lamb's car—blocking Lamb from proceeding through the intersection and impeding eastbound traffic.

Shortly thereafter, a car driven by Diamond Young pulled behind Lamb's vehicle, blocking her in from behind. According to Lamb, she did not know Young personally and had only seen Young in passing with defendant. Lamb testified that defendant and Young exited their respective vehicles, that defendant used a handgun to smash out Lamb's windshield, and that Young used a tire iron to smash out Lamb's rear windows. According to Lamb, she remained in a protective position with her head down during the attack. Three Detroit Firefighters happened upon the scene in a fire department vehicle and turned on their sirens. Lamb testified that, at that point, defendant and Young returned to their vehicles and drove away from the scene.

The firefighters' testimonies at trial indicated that defendant and Young smashed the glass in Lamb's vehicle and that at least one of the assailants used a tire iron to do so. For her part, defendant admitted arguing with Lamb, parking her car in front of Lamb's vehicle, and walking up to Lamb's driver-side door. Defendant, however, testified that she did not personally damage Lamb's vehicle; according to defendant, Young caused the entirety of the damage with a tire iron. Defendant stated that she did not call Young or know that Young intended to damage Lamb's vehicle.

The trial court found defendant guilty of both aforementioned crimes. At sentencing, the trial court assigned five points for offense variable (OV) 1 (use of a weapon), finding that "[defendant] broke out the window of Ms. Lamb's car and . . . [a] tire iron or some other object . . . was used to do that." The court also assigned 10 points for OV 14 (the offender's role), concluding that defendant was a leader in a multi-offender situation and finding it "unbelievable" that Young would arrive at the scene without being prompted by defendant and begin smashing Lamb's vehicle. The trial court sentenced defendant within the resulting guidelines range to serve 45 days in jail for her malicious-destruction conviction, and two years of probation for the malicious-destruction and assault convictions. This appeal followed.

II. ANALYSIS

Defendant does not challenge her convictions on appeal; rather, defendant argues that she is entitled to resentencing because the trial court erred in its scoring of OVs 1 and 14. The proper interpretation and application of the sentencing guidelines is a legal question that this Court reviews de novo. *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004). "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v Lampe*, 327 Mich App 104, 111; 933 NW2d 314 (2019) (internal citation and quotation marks omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

A. OV 1

OV 1 scores for the "aggravated use of a weapon." MCL 777.31. The trial court correctly scores five points for OV 1 when a "weapon was displayed or implied." MCL 777.31(1)(c)(e). Additional points are scored when a victim is touched by or exposed to a weapon. MCL 777.31(1)(a)-(d). "In multiple offender cases, if 1 offender is assessed points for the presence or use of a weapon, all offenders shall be assessed the same number of points." MCL 777.31(2)(b). The term "weapon" embodies any object that is designed for such use, as well as any object that, when so employed, may be used to inflict physical injury upon an adversary. See *People v Lange*, 251 Mich App 247, 256-257; 650 NW2d 691 (2002). Five points should also be assigned under OV 1 if the offender "used an object to suggest the presence of a weapon." MCL 777.31(2)(c).

Defendant argues that the trial court improperly assessed five points under OV 1 because her crime was against property and her use of a tire iron—which is not designed for use as a weapon—only becomes a weapon when it is employed against a person. We disagree. First, even if defendant is correct that OV 1 may not be scored for crimes against property, defendant overlooks that she was convicted of malicious destruction of property *and* assault. While malicious destruction is a crime against property, MCL 777.16s, assault is a crime against a person, MCL 777.16d. Moreover, Lamb testified that defendant displayed a gun during the offense, which is a weapon per se. See *Lange*, 251 Mich App at 256-257.

Finally, assuming that defendant used a tire iron during the offense, rather than a gun, we find unpersuasive defendant's argument that the tire iron did not constitute a weapon during the assault until and unless defendant employed it to harm Lamb. Adopting defendant's reasoning, five points would be assigned to an offender who displays in a threatening manner an object incapable of causing physical harm, see MCCL 777.31(2)(c), but not to an offender who displays an object that, if actually used, would inflict harm on the victim. This is not a reasonable interpretation of MCL 777.31(1)(c). While other subsections of MCL 777.31 score for the actual harm inflicted on a victim by a weapon, subsection (1)(c) recognizes that an object may increase the severity of an offense by placing the victim in fear of a weaponized battery.

In this sense, for the purposes of MCL 777.31(1)(c), an object becomes a weapon when the offender displays it in a manner that suggests that it may be used to inflict harm. Here, defendant broke several of Lamb's car windows while Lamb was sitting the driver's seat of the vehicle trying to protect herself. Defendant's assault conviction establishes that defendant used the tire iron to cause Lamb apprehension of an imminent battery. By using the tire iron to threaten physical harm, Lamb displayed a weapon during the assault. The trial court did not err by assigning five points for OV 1.

## B. OV 14

OV 14 scores for the "offender's role" in the criminal situation. Unlike OV 1's graduated scoring, scoring under OV 14 is bifurcated: the trial court should score 10 points under this variable if the "offender was a leader in a multiple offender situation" and zero points if the offender was not. A leader is an offender who guides, directs, or conducts the criminal operation. *People v Dickinson*, 321 Mich App 1, 22; 909 NW2d 24, 37 (2017). When scoring OV 14, the "trial court should consider whether the defendant acted first or gave directions or was otherwise a primary causal or coordinating agent." *Id*. (internal citation and quotation marks omitted). "The entire criminal transaction should be considered when scoring this variable." MCL 777.44(2)(a).

Defendant argues that OV 14 should have been scored at zero points because it is more likely that Young, rather than defendant, directed the offense. We disagree. This incident began with defendant pursuing Lamb in her car and blocking her from proceeding through an intersection. Shortly thereafter, Young arrived at the scene and pulled behind Lamb's vehicle such that Lamb was blocked in from the front and the rear. Lamb testified that she only knew Young in passing from Young's friendship with defendant. Still, shortly after arriving at the scene, Young assisted defendant in smashing the windows of Lamb's vehicle—either by personally breaking the windows or preventing Lamb from leaving the scene.

On this record, we agree with the trial court that it was improbable that Young would arrive at the scene without defendant directing her to do so. Moreover, given the lack of any apparent prior issue between Lamb and Young, it is unlikely that Young would instigate an altercation with Lamb unless directed to do so by defendant, whom Lamb testified had tailed her on previous occasions. Thus, because the record supports the trial court's conclusion that defendant guided or directed the criminal situation, we affirm the trial court's 10-point score for OV 14.

Affirmed.

/s/ Patrick M. Meter
/s/ Karen M. Fort Hood
/s/ James Robert Redford