*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TIMOTHY JOSEPH WALKER,

        Defendant-Appellant.

UNPUBLISHED
January 18, 2024

No. 363199
Isabella Circuit Court
LC No. 2021-000428-FH

Before: BOONSTRA, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

Defendant was selling drugs out of his hotel room, and he later pleaded guilty to possession of methamphetamine. The trial court sentenced defendant to five to 20 years imprisonment after assessing five points on offense variable (OV) 15. We affirm.

The Michigan State Police received a tip that there had been several individuals who visited defendant's hotel room over the course of a month and that the individuals would only stay for a short period of time. The police detained and searched defendant when he checked out of his hotel room, and they found three digital scales, several Ziploc bags, and 23.4 grams of methamphetamine in defendant's backpack, as well as $594 in cash on defendant.

The police subsequently interviewed and interrogated defendant, and he admitted that he had 23 grams of methamphetamine in his backpack. Defendant told the police that he was "trafficking narcotics" for a person to whom he owed a large drug-related debt, and he had planned "to sell all the crystal methamphetamine in his possession for $550" on the day that he was arrested. Further, he had been receiving approximately three ounces of methamphetamine each week from his supplier to later re-sell.

Defendant pleaded guilty to possession of methamphetamine, MCL 333.7403(2)(b)(*i*), as a second or subsequent offense, MCL 333.7413(1), in exchange for the dismissal of additional charges. At the sentencing hearing, the trial court doubled the minimum guideline range under MCL 333.7413(1) and sentenced defendant to five to 20 years in prison.

Defendant moved to be resentenced on the basis that the trial court erroneously assessed OV 15 because there was no direct evidence that defendant was involved in drug trafficking. The trial court denied defendant's motion because defendant had admitted to the police that he had been dealing drugs to pay off his large drug-related debt.

Defendant now appeals by leave granted, as instructed on remand by our Supreme Court. *People v Walker*, ___ Mich ___; 986 NW2d 906 (2023).

This Court reviews de novo whether the trial court properly interpreted and applied the sentencing guidelines. *People v McGraw*, 484 Mich 120, 123; 771 NW2d 655 (2009). When reviewing a trial court's scoring decision, the trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "A finding of fact is clearly erroneous if, after review of the entire record, an appellate court is left with a definite and firm conviction that a mistake has been made." *People v Antwine*, 293 Mich App 192, 194; 809 NW2d 439 (2011) (cleaned up). "The trial court may rely on reasonable inferences arising from the record evidence to sustain the scoring of an offense variable." *People v Horton*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 360726); slip op at 2 (cleaned up).

Defendant argues that the trial court erred in scoring OV 15, which controls "aggravated controlled substance offenses." MCL 777.45(1). Five points may be assessed for OV 15 if the offense "involved the delivery or possession with intent to deliver marihuana or any other controlled substance or a counterfeit controlled substance or possession of controlled substances or counterfeit controlled substances having a value or under such circumstances as to indicate trafficking." MCL 777.45(1)(h). In this context, " '[d]eliver' means the actual or constructive transfer of a controlled substance from 1 individual to another regardless of remuneration," MCL 777.45(2)(a), and " [t]rafficking' means the sale or delivery of controlled substances or counterfeit controlled substances on a continuing basis to 1 or more other individuals for further distribution," MCL 777.45(2)(c).

In *People v Jackson*, 497 Mich 857, 858; 852 NW2d 897 (2014), our Supreme Court explained:

> A proper reading of MCL 777.45(1)(h) reveals two alternative bases for scoring [OV 15] at five points: (1) when the offense involved the delivery or possession with intent to deliver marihuana or any other controlled substance or counterfeit controlled substance; and (2) when the offense involved possession of controlled substances or counterfeit controlled substances having a value or under such circumstances as to indicate trafficking.

In this case, there was sufficient evidence to support the trial court assessing five points for OV 15 because defendant possessed methamphetamine "under such circumstances as to indicate trafficking." *Id*. Defendant had $594 in cash, 23 grams of methamphetamine, digital scales, and Ziploc bags when he was arrested. Defendant admitted, moreover, that he was regularly receiving methamphetamine from a supplier to pay off his large drug-related debt, and that he had planned to sell all of his methamphetamine on the day that he was arrested by the police.

Accordingly, considering the totality of these circumstances, the trial court could reasonably infer that defendant was involved in the trafficking of drugs by a preponderance of the evidence. See *Horton*, ___ Mich App at ___; slip op at 2.

Affirmed.

/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien
/s/ Mark T. Boonstra