*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

WALTER LEE JONES,

        Defendant-Appellant.

UNPUBLISHED
June 10, 2025
10:48 AM

No. 357505
Berrien Circuit Court
LC No. 1993-000487-FC

Before: YATES, P.J., and YOUNG and WALLACE, JJ.

PER CURIAM.

In 1993, defendant was convicted of (1) first-degree felony murder, MCL 750.316; (2) felony-firearm, MCL 750.227b; (3) assault with intent to do great bodily harm less than murder, MCL 750.84; (4) possession of a short-barreled shotgun, MCL 750.224; and (5) possession of stolen property worth more than $100, MCL 750.535. Pertinent to this opinion, defendant was sentenced to life without the possibility of parole for the first-degree felony murder conviction. In 1994, defendant appealed by right his convictions, and this Court affirmed.[1] In 2006, defendant moved for relief from judgment, which the trial court denied. In 2020, defendant moved again for relief from judgment, which the trial court also denied. Defendant applied for delayed leave to appeal the order denying his successive motion for relief from judgment, which this Court denied. *People v Jones*, unpublished order of the Court of Appeals, entered August 13, 2021 (Docket No. 357505). Defendant sought leave to appeal to the Michigan Supreme Court and, after holding the matter in abeyance, in lieu of granting leave to appeal the Court remanded the matter to this Court for consideration as on leave granted in light of *People v Parks*, 510 Mich

---

[1] *People v Jones*, unpublished per curiam opinion of the Court of Appeals, issued June 6, 1996 (Docket No. 172212).

225; 987 NW2d 161 (2022), and *People v Stovall*, 510 Mich 301; 987 NW2d 85 (2022).[2]  We vacate defendant's first-degree felony murder sentence and remand for resentencing.

## I.  FACTS

In late January 1993, defendant was riding in a vehicle that he knew was stolen with four friends and family members.  The individuals were in their late teens and early twenties; defendant was 19 years and 10 months old.  They decided to rob someone.[3]  At approximately 2:00 a.m., the group saw a visibly intoxicated woman walking in the neighborhood.  Defendant got out of the vehicle, brandishing a short-barreled shotgun.  His cousin got out of the vehicle behind him, also carrying a short-barreled shotgun.  The two men pushed the woman toward a grassy area near a tree.  Defendant's cousin continued engaging with the woman while defendant turned his attention to a passerby.  Defendant pointed his firearm at the passerby and told the passerby to run, after which he fired the weapon at the passerby.  The passerby heard the first shot, heard pellets hit nearby buildings and trees, and then heard a second shot.  Defendant and the rest of his group scattered.  The woman was later discovered with a serious gunshot wound in her back, still breathing and with her eyes open.  Officers performed first aid until a medical unit arrived and rushed the victim to the hospital, where emergency surgery was attempted, but she died from the wound at approximately 3:15 a.m., less than an hour and a half after defendant and his accomplices decided to rob her at gunpoint.  An autopsy report showed that she had bled to death as a result of a shotgun wound to her back, which caused significant damage and bleeding in her lungs.  Over 200 shot pellets were found in the victim's body, as well as wadding from the shotgun, which indicated that she had been shot at a close distance.

After a four-day jury trial, defendant was convicted of aiding and abetting in the first-degree murder of the woman, as well as of four other charges, as stated.  After an unsuccessful appeal of his convictions, defendant moved for relief from judgment in 2006, which the trial court denied.  In 2020, defendant moved again for relief from judgment, arguing that new scientific evidence regarding the development of adolescent brains that formed the basis for the 2012 decision in *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012), entitled him, a 19-year-old offender with a "mild mental" disability, to leniency in sentencing afforded to juveniles convicted of first-degree murder.[4]  Accordingly, he sought resentencing with his youth as a mitigating factor to weigh against a mandatory sentence of life without the possibility of parole (LWOP).  The trial court denied defendant's motion, finding that the scientific consensus predated defendant's first motion for relief from judgment in the earlier case of *Roper v Simmons*, 543 US

---

[2] *People v Jones*, 510 Mich 1095 (2022).

[3] Although defendant denied suggesting that the group rob someone, at least two members of the group indicated that defendant had, in fact, suggested that they rob someone.

[4] In general, *Miller* held that the Eighth Amendment's prohibition of cruel and unusual punishment precluded sentences of mandatory life in prison without the possibility of parole for juvenile homicide offenders, i.e., those under the age of 18 at the time they committed the homicide.  *Miller*, 567 US at 465.

551; 125 S Ct 1183; 161 L Ed 2d 1 (2005).[5] Additionally, the trial court found that despite the decision in *Miller*, precedent consistently maintained that youth as a mitigating factor was limited to offenders under 18 years of age.

We now consider this matter on remand from the Michigan Supreme Court.

## II. ANALYSIS

Although we conclude that the trial court did not abuse its discretion by denying defendant's successive motion for relief from judgment, defendant is nevertheless entitled to resentencing in light of the new precedent established by our Supreme Court in *People v Taylor*, ___ Mich ___, ___; ___ NW3d ___ (2025) (Docket Nos. 166428 and 166654); slip op at 13, 37-38, which effectively extends the *Miller* analysis to offenders who were 19 or 20 years old at the time the sentencing homicide offense was committed.

## A. STANDARDS OF REVIEW

"We review a trial court's decision on a motion for relief from judgment for an abuse of discretion and its findings of facts supporting its decision for clear error." *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes, or makes an error of law." *Id*. (citations omitted). "Clear error exists when we are left with a definite and firm conviction that a mistake was made." *People v Abbott*, 330 Mich App 648, 654; 950 NW2d 478 (2019). A trial court's factual findings "must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

## B. PROCEDURAL BAR

Defendant successively moved for relief from judgment pursuant to MCR 6.502(G)(3)(a), claiming new evidence by a shift in the scientific consensus regarding the psychological development of adolescents who are 19 years old, similar to those who are 18 years old, such that they also should have diminished culpability as the United States Supreme Court held in *Miller*, 567 US 460. In *Miller*, the United States Supreme Court explained, in part:

> Mandatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences. It prevents taking into account the family and home environment that surrounds him—and from which he cannot usually extricate himself—no matter how brutal or dysfunctional. It neglects the circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected him. Indeed, it ignores that he might have been charged and convicted of a lesser offense if not for incompetencies associated with youth—for example, his inability to deal with police officers or prosecutors (including on a plea agreement)

---

[5] As stated in *Miller*, in *Roper*, the United States Supreme Court "invalidated the death penalty for all juvenile offenders under the age of 18." *Id*. at 466.

or his incapacity to assist his own attorneys. And finally, this mandatory punishment disregards the possibility of rehabilitation even when the circumstances most suggest it. [*Miller*, 567 US at 477-478 (citations omitted).]

Under MCR 6.502(G), "one and only one motion for relief from judgment may be filed with regard to a conviction," except in three limited circumstances. These exceptions are as follows:

> (2) A defendant may file a second or subsequent motion [for relief from judgment] based on any of the following:
>
> (a) a retroactive change in law that occurred after the first motion for relief from judgment was filed,
>
> (b) a claim of new evidence that was not discovered before the first such motion was filed, or
>
> (c) a final court order vacating one or more of the defendant's convictions either described in the judgment from which the defendant is seeking relief or upon which the judgment was based.
>
> * * *
>
> (3) For purposes of subrule (G)(2), "new evidence" includes new scientific evidence. This includes, but is not limited to, shifts in science entailing changes:
>
> (a) in a field of scientific knowledge, including shifts in scientific consensus;
>
> (b) in a testifying expert's own scientific knowledge and opinions; or
>
> (c) in a scientific method on which the relevant scientific evidence at trial was based.

In *People v Cress*, 468 Mich 678, 692; 664 NW2d 174 (2003), the Michigan Supreme Court established a four-part test to determine when granting a new trial on the basis of newly discovered evidence is appropriate. Under this test, a defendant bears the burden of showing that: "(1) the evidence itself, not merely its materiality, was newly discovered; (2) the newly discovered evidence was not cumulative; (3) the party could not, using reasonable diligence, have discovered and produced the evidence at trial; and (4) the new evidence makes a different result probable on retrial." *Id*. (quotation marks and citation omitted).

The first, second, and fourth factors weighed against defendant at the time of the trial court's decision on his motion. Specifically, because the decision in *Miller*, 567 US at 471-472, 477-478, relied on the conclusions about juvenile development in *Roper*, 543 US at 569-571, the evidence was not actually new by the time of defendant's first and second motions for relief from judgment and, therefore, was effectively cumulative. See *Cress*, 468 Mich at 692. Additionally,

this shift in scientific consensus would not have led to a different result on retrial at that time because the shift established discretionary sentencing only for offenders under the age of 18. See *id.*; see also *Miller*, 567 US at 465, 471-472; *Roper*, 543 US at 568-570. The third factor weighed in defendant's favor—in that defendant "could not, using reasonable diligence, have discovered and produced the evidence *at trial*"—because the shift that began with the 2005 *Roper* decision was issued 12 years after defendant's trial. See *Cress*, 468 Mich at 692 (quotation marks and citation omitted; emphasis added).

For these reasons, the trial court did not abuse its discretion by finding that defendant failed to overcome the procedural bar in MCR 6.502(G)(2) for his successive motion for relief from judgment. See *id.*

## C. NEW PRECEDENT

In 2025, while this matter was pending before us on remand as on leave granted, the Michigan Supreme Court released an opinion that effectively extends *Miller* protections afforded to juveniles under the age of 18—as discussed in its 2022 decision, *Parks*, 510 Mich at 238-241—to defendants who were 19 or 20 years old when they committed the sentencing homicide offense. See *Taylor*, ___ Mich at ___; slip op at 13, 37-38. In that opinion, the Michigan Supreme Court expressly stated that the holding "applies retroactively to all relevant criminal cases on collateral review." *Id.* at 38. Therefore, this holding applies to defendant.[6]

Once a defendant meets the requirements in MCR 6.502(G)(2), as in this case,[7] a defendant must demonstrate the following, as set forth in MCR 6.508(D)(3), to be entitled to the relief requested in a successive motion for relief from judgment:

---

[6] We note that this matter was remanded to this Court in 2022 by our Supreme Court for consideration in light of cases it decided in 2022, i.e., *Parks*, 510 Mich 225, and *Stovall*, 510 Mich 301, both involving juveniles who were 18 years old and 17 years old, respectively, at the time they committed first-degree murder which resulted in mandatory sentences of LWOP. See *Parks*, 510 Mich at 233; *People v Stovall*, 334 Mich App 553, 572; 965 NW2d 264 (2020) (GLEICHER, P.J., dissenting). Defendant in this case, however, was 19 years and 10 months old, i.e., almost 20 years old, at the time he committed first-degree murder which resulted in a mandatory sentence of LWOP. But, as noted above, in 2025 our Supreme Court held in *Taylor*, ___ Mich at ___; slip op at 2, 34, 37, that the *Parks* holding also applied to the 19-year old and 20-year old defendants in the *Taylor* case. That is, the *Taylor* Court held, "the application of a *mandatory* sentence of LWOP under MCL 750.316 to [the defendants] constitute[d] unconstitutionally harsh and disproportionate punishment and thus 'cruel' punishment in violation of Const 1963, art 1, § 16." *Id.* at 37.

[7] See *People v Stovall*, 510 Mich 301, 310-311; 987 NW2d 85 (2022) (A "retroactive change in law must only serve as a 'foundation' or 'base' for a defendant's claim to overcome the procedural bar in MCR 6.502(G)(2).").

(a) good cause for failure to raise such grounds on appeal or in the prior motion, and

(b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,

\* \* \*

(*iv*) in the case of a challenge to the sentence, the sentence is invalid.

In this case, defendant is entitled to his requested relief of resentencing because this new precedent demonstrates good cause and actual prejudice in that his mandatory sentence of LWOP is now invalid. See MCR 6.508(D)(3)(b)(*iv*). See also *People v Poole*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 352569); slip op at 9, aff'd sub nom *People v Poole*, ___ Mich ___, ___; ___ NW3d ___ (2025) (Docket No. 166813); slip op at 17. The Michigan Supreme Court's new decision in *Taylor* was released after defendant filed his motion and appeal; accordingly, defendant could not have raised claims of a retroactive law change or new-evidence on the basis of this and related decisions. See MCR 6.508(D)(3)(a). Additionally, because defendant was 19 years old and was sentenced to *mandatory* LWOP, his sentence is now invalid. See *Poole*, ___ Mich App at ___; slip op at 9; see also *Taylor*, ___ Mich at ___; slip op at 20-34, 37-38. Accordingly, defendant satisfies the good-cause and the actual-prejudice requirements under MCR 6.508(D)(3)(b). See *Poole*, ___ Mich App at ___; slip op at 9.

For these reasons, we vacate defendant's first-degree felony murder sentence of mandatory LWOP and remand for resentencing consistent with MCL 769.25a, *Taylor*, ___ Mich at ___; slip op at 37-38, and relevant caselaw.[8] Should the prosecution move for a sentence of LWOP, defendant is entitled to a hearing on the motion at which the trial court must consider youth as a mitigating factor.[9] See *id*. at 34. Otherwise, defendant must be sentenced to a term of years as set forth in MCL 769.25a(4)(c). See *id*. at 38.

---

[8] As stated by our Supreme Court in *Poole*, ___ Mich at ___; slip op at 3 n 1, in cases no longer on direct appeal, and in which *Miller*, 567 US 460, applied retroactively, the correct sentencing procedure to follow in resentencing is set forth in MCL 769.25a.

[9] In defendant's appeal, he also argues that his sentence of mandatory LWOP was unconstitutional because he was mildly mentally disabled, and this should weigh as a mitigating factor at sentencing. The *Miller* analysis considers the mental capacity of the defendant; therefore, because we vacate defendant's sentence and remand for resentencing with the *Miller* analysis applicable, if relevant, we decline to address whether mental capacity can form a separate basis for mitigating a sentence and rendering a mandatory LWOP sentence unconstitutional.

-6-

In summary, defendant's mandatory LWOP sentence for first-degree felony murder is vacated, and this matter is remanded for resentencing under MCL 769.25a and consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Adrienne N. Young
/s/ Randy J. Wallace